Riverside Associates, Appellant *v.* Zoning Hearing Board of Springettsbury Township, Appellee.

Associated Wholesalers, Inc. *v.* Zoning Hearing Board of Springettsbury Township et al. Riverside Associates, Appellant.

Argued May 11, 1983, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Robert P. Kane*, with him *Timothy E. Kane, Kane and Kane*, for appellant.

*Donald L. Reihart*, with him *Lillian M. Morgan* and *Sharon E. Myers, Laucks & Monroe*, for appellee.

OPINION BY JUDGE BLATT, September 14, 1983:

Riverside Associates (Riverside) appeals here from an order of the Court of Common Pleas of York County which denied its appeal from a decision of the Zoning Hearing Board of Springettsbury Township (Board).[1]

---

[1] In this consolidated appeal, Riverside appeals from the orders of the court of common pleas in two companion cases which were both decided on April 14, 1982. In 1173 C.D. 1982, Riverside appeals from the order of the trial court which denied its appeal from the Board. In 1174 C.D. 1982, Riverside appeals from the order of the trial court which dismissed without prejudice the appeal of *the Intervenor*, Associated Wholesaler's, Inc., from the decision of the Board, "since the facts, issues and remedies sought are identical to the companion case" (1173 C.D. 1982).

Riverside executed an agreement of sale with the Penn-Central Corporation (Penn-Central) whereby Riverside would purchase a tract of land from Penn-Central, conditioned, *inter alia,* upon Riverside's ability to obtain certain variances. Penn-Central, through its agent Manor Real Estate, filed two variance applications[2] both of which the Board denied. Riverside then acquired title in fee simple to the tract and filed its own variance applications, which were identical to those which had been previously filed by Penn-Central. At the hearing held by the Board on Riverside's request, the Board refused to take testimony, holding that, inasmuch as the variances requested by Riverside were identical to those which Penn-Central had requested, the doctrine of res judicata applied. This decision was announced orally by the Board at the hearing.

Riverside appealed to the court of common pleas contending that res judicata was improperly invoked. Riverside also sent a letter to the Board requesting that a deemed decision be entered due to the Board's failure to render a *written* decision within 45 days of the August 4, 1981 hearing, pursuant to Section 908(9) of the Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10908(9). The Board refused to enter the requested "deemed decision," and Riverside did not seek relief as it might

---

It appears that Riverside brought the appeal in 1174 C.D. 1982 due *only* to an overabundance of caution; Riverside has not raised *any* issues in that appeal, and we certainly do not perceive any basis for the second appeal.

Therefore, in 1974 C.D. 1982, we will affirm the order of the trial court dismissing the appeal.

[2] The first request was for a variance to permit a commercial use in an industrial zone. The second request was for a set-back variance to reduce the front yard requirements from the mandatory thirty feet to ten feet.

have done, by instituting an action in mandamus. *See Bucks County Housing Development Corp. v. Zoning Hearing Board of Plumstead Township*, 45 Pa. Commonwealth Ct. 532, 406 A.2d 832 (1979). Instead, the first time that Riverside raised the issue of its entitlement to a "deemed decision" before the trial court was in its brief in support of the zoning appeal it had brought based on the *merits* of the Board's decision. The trial court held that, inasmuch as Riverside had not instituted an action in mandamus, or even raised this issue through amendment in its notice of appeal, it could not raise the issue by way of a brief. We believe that the trial court correctly concluded that the issue of Riverside's entitlement to a deemed decision was not properly before it, and that it therefore did not have the power to grant the "deemed decision."

Riverside also argues here that the trial court erred in finding that the doctrine of res judicata applied to their variance requests. It contends that surrounding circumstances had substantially changed after the first set of variance requests was filed, but before the filing of the second set, because the Board had granted similar variances during that period for identically zoned land opposite Riverside's property. *See DiBello v. Zoning Board of Adjustment*, 4 Pa. Commonwealth Ct. 546, 287 A.2d 856 (1972).

Inasmuch as Riverside's contention that there was a change in circumstances is crucial to the resolution of this matter, and because the Board did not allow Riverside a meaningful opportunity to present argument or a brief on this issue,[3] we will order a remand

---

[3] Riverside had no notice that the intervenor would make a motion that the Board dismiss the applications for variances on the grounds of res judicata and would further submit an "extensive" brief in support of this motion. Moreover, when Riverside asked to be afforded an opportunity to respond to this motion and the brief, the request was denied.

to the Board for the taking of evidence as to whether or not there was a change of circumstances here,[4] and as to whether or not Riverside's applications for variances should be granted.

ORDER IN 1173 C.D. 1982

AND Now, this 14th day of September, 1983, the order of the Court of Common Pleas of York County in the above-captioned matter is hereby vacated and the matter remanded to that court with directions to remand in turn to the Zoning Hearing Board of Springettsbury Township for proceedings consistent with this opinion. Jurisdiction relinquished.

ORDER IN 1174 C.D. 1982

AND Now, this 14th day of September, 1983, the order of the Court of Common Pleas of York County in the above-captioned matter is hereby affirmed.

---

[4] When there is a change of circumstances incident to the land, which occurs between the filing of the first application for a variance and the second, this change, if substantial, *may* render the doctrine of res judicata inapplicable. *See Filanowski v. Zoning Board of Adjustment*, 439 Pa. 360, 266 A.2d 670 (1970).