562 A.2d 962

**TOWNSHIP OF EAST TAYLOR, a Pennsylvania Municipality, Appellant,**

**v.**

**Robert S. SPANKO and Mary Ann Spanko, husband and wife, Appellees.**

Commonwealth Court of Pennsylvania.

Argued May 1, 1989.

Decided Aug. 2, 1989.

Petition for Allowance of Appeal Denied Dec. 18, 1989.

James R. DiFrancesco, Johnstown, for appellant.

William Gleason Barbin, Gleason, DiFrancesco, Shahade Barbin & Markovitz, Johnstown, for appellees.

Before COLINS and McGINLEY, JJ., and BARBIERI, Senior Judge.

COLINS, Judge.

The Township of East Taylor (Township) appeals from an order of the Court of Common Pleas of Cambria County dated November 30, 1988 which dismissed the Township's complaint and denied the Township's motion for judgment on the pleadings and granted Robert F. and Mary Ann Spanko's (Spankos) motion for judgment on the pleadings.

The Spankos applied for a building permit on May 25, 1986 to install a swimming pool on their property located at 1595 William Penn Avenue in the Township, Cambria County, Pennsylvania. The zoning officer approved their application and the Spankos were issued a permit to construct the pool. Upon completion of the pool, the Spankos began construction of a fence to enclose the pool. They were notified by the Township Solicitor that the fence height violated the Township Zoning Code (Zoning Code) maximum of five feet and were ordered to cease and desist from further construction in May of 1987. Subsequently, the Spankos sent a letter to the Township Board of Supervisors (Supervisors) dated May 28, 1987 in which they requested a variance. The letter did not specifically request a hearing, but stated that the Spankos intended to "address all issues at the meeting with the [Zoning] Board and [their] Attorney."

By letter to the Spankos dated August 12, 1987, the Township Secretary stated that he was directed by the Supervisors at their July 16, 1987 meeting to inform the Spankos that because of some resignations of Zoning Board members, there were not enough members to form a quorum and, therefore, the Zoning Board was unable to schedule a hearing to consider their variance request.[1] Conse-

1. The minutes taken at the July 16, 1987 meeting state in part:

quently, a hearing was ultimately scheduled and held before the Supervisors, sitting as a de facto zoning board, on November 5, 1987.[2]  Notice of the hearing was advertised in a newspaper of general circulation and notices were sent to all persons living within the neighborhood of the Spankos' residence.  Testimony was heard from the Spankos and their next door neighbors, Mr. and Mrs. Robert Kushner, the only neighbors who appeared.

The variance was denied on the basis that it did not meet the requirements of Section 912 of the Pennsylvania Municipalities Planning Code (Code)[3] and the Township's Zoning Code.  The Spankos neither appealed this decision nor ceased construction of the fence.

The Township filed a complaint in equity requesting an injunction against the Spankos to reduce all fencing on their property to the required maximum height of five feet.  The Spankos answered, asserting that the Township failed to hold a variance hearing within sixty days of their written request, as prescribed by Section 908(9) of the Code, 53 P.S. § 10908(9).[4]  Both parties filed motions for judgment on the pleadings.  The trial judge granted leave to the Spankos to file an amended answer because the pleadings before the court did not clearly evidence the date the Spankos request-

Old Business:
....
2.  Mr. Spanko's request for a variance hearing was tabled, the Solicitor cannot get enough zoning members for a quorum due to resignations.

2.  Although the issue is not properly set out in their brief, the Spankos question whether the Supervisors were empowered to sit as a de facto zoning board.  There is nothing in the record to suggest that the Supervisors did not follow the rules of procedure described for a zoning board.  Moreover, since the Spankos raised no objection at the hearing nor timely appealed, we conclude they have waived the issue.

3.  Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10912.

4.  That section provides in pertinent part:
[w]here the board fails to render the decision within the period required by this subsection, or fails to hold the required hearing within 60 days from the date of the applicant's request for a hearing, the decision shall be deemed to have been rendered in favor of the applicant unless the applicant has agreed in writing or on the record to an extension of time.

ed a variance hearing, which obviously was necessary for a determination of whether the Township failed to hold a hearing within the mandated sixty days. The Spankos filed an amended answer from which the trial court determined that at the latest, a request for hearing was made July 16, 1987, the date of the Township meeting at which the Spankos variance request was tabled.[5]

█ The trial court found it was clear from a reading of the pleadings that more than sixty days elapsed from the time the Spankos requested a hearing until the Supervisors held the hearing on November 5, 1987 and that the Spankos had not agreed in writing to an extension of time for the hearing. On that basis, by Order dated November 30, 1988, the trial court granted the Spankos' motion for judgment on the pleadings, denied the Township's motion for judgment on the pleadings and dismissed the Township's complaint. Hence, the Township's appeal to this Court.[6]

█ The Township argues that the trial court erred in permitting the Spankos to collaterally attack the Supervisors' variance decision of November 5, 1987, as a defense to the Township's injunctive action. The Township asserts that since the Spankos failed to raise the timeliness issue at the November 5, 1987 hearing and thereafter failed to appeal the adverse decision of the Supervisors within the statutory period, that they have waived their right to assert deemed approval under Section 908(9) of the Code. We agree.

The trial court held that the Spankos were entitled to deemed approval and hence were not aggrieved parties to the Supervisors' decision denying their variance request. The trial court concluded, therefore, that the Spankos had

5. The trial court concluded from the language of the minutes of that meeting that the Township had acknowledged the Spankos' May 28, 1987 letter as a request for a hearing. (See footnote 1 of this opinion.)

6. In reviewing a grant of judgment on the pleadings, we are limited to determining whether the trial court abused its discretion or committed an error of law. *E–Z Parks, Inc. v. Philadelphia Parking Authority,* 110 Pa.Commonwealth Ct. 629, 532 A.2d 1272 (1987), *petition for allowance of appeal denied,* 519 Pa. 656, 546 A.2d 60 (1988).

no reason to appeal. The trial court held that the language of Section 908(9) of the Code must be given a literal interpretation since there is no ambiguity therein. It cited *Humble Oil and Refining Co. v. East Lansdowne Borough*, 424 Pa. 309, 227 A.2d 664 (1967), in support of its conclusion that when a time limit is imposed upon an administrative body, it must be rigidly adhered to; and a failure to act within the prescribed time must result in the effect provided for in the statute. Therein, the Humble Oil & Refining Company appealed the Borough's denial of a building permit and sought a special exception. A hearing was timely held, however, Humble did not receive notice of the decision within the forty-five day time limit prescribed by Section 3207 of The Borough Code (Code).[7] Humble brought a mandamus action seeking to compel the Borough to issue the permit pursuant to the deemed approval provision of the Code. The trial court entered such an order. The Borough appealed arguing that formal notice was unnecessary since the decision was reached at a *public* meeting. The Pennsylvania Supreme Court affirmed the trial court based on the clear language of the Code pertaining to notice.

■ Initially we note that a deemed approval claim is normally pursued in a mandamus action. *Ryan, Pennsylvania Zoning Law and Practice*, Section 9.1.11; *Riverside Associates v. Zoning Hearing Board of Springettsbury Township*, 77 Pa.Commonwealth Ct. 158, 465 A.2d 120 (1983); *Humble Oil & Refining Co.* However, Section 708(b) of the Judicial Code, 42 Pa.C.S. § 708(b), permits a court to treat an improvident appeal as an action in the nature of mandamus where the law requires the latter form.

7. Act of May 4, 1927, P.L. 519, *added by* Section 93 of the Act of July 10, 1947, P.L. 1621, *as amended,* by the Act of August 25, 1959, P.L. 757, *as amended,* 53 P.S. § 48207, *repealed by* Section 3501 and *substantially reenacted by* Section 3207 of the Act of February 1, 1966, P.L. 1656, *as amended.* *Repealed by* Section 1201 of the Code, Act of July 31, 1968, P.L. 805, 53 P.S. § 11201, *reenacted by* Section 908 of the Code, 53 P.S. § 10908.

In *Riverside Associates*, Riverside had applied to the township's zoning hearing board for zoning variances which the board denied. Riverside then sent a letter to the board requesting the entry of a deemed approval due to its failure to render a written decision within forty-five days of the hearing, pursuant to Section 908(9) of the Code, 53 P.S. § 10908(9). The board refused to enter the requested deemed approval. Instead of instituting an action in mandamus for relief, Riverside first raised the issue of its entitlement to a deemed approval in its brief to the Court of Common Pleas in support of the zoning appeal it had brought based on the merits of the board's decision.

The trial court held that because Riverside had not instituted an action in mandamus, nor at the minimum raised this issue by amendment in its Notice of Appeal, that it was thereafter precluded from raising the issue by way of a brief. This Court on appeal affirmed the trial court's conclusion that the issue of Riverside's entitlement to a deemed approval was not properly before the trial court and that it, therefore, lacked the power to grant the deemed approval.

In the instant matter, not only did the Spankos fail to institute an action in mandamus, they also failed to appeal the adverse decision of the supervisors. It was not until the Spankos filed an Answer and New Matter in response to the Township's complaint to enjoin their continued construction of the fence, that the Spankos first raised the issue of deemed approval. At all times prior to the filing of their Answer and New Matter, the Spankos sat on their hands and failed to follow the statutory remedies provided in order to preserve their rights. Consequently, we conclude that this issue was not properly before the trial court and that it, therefore, lacked jurisdiction to grant the deemed approval. It is well settled that equity cannot be used to adjudicate zoning questions. *See Baer v. Lonsdorf,* 390 Pa. 175, 135 A.2d 61 (1957); *Pittsburgh Outdoor Advertising Co. v. Clairton,* 390 Pa. 1, 133 A.2d 542 (1957).

Accordingly, the order of the trial court dated November 30, 1988 is reversed. This matter is remanded to the trial court for the granting of the Township's motion for judgment on the pleadings.

## ORDER

AND NOW, this 2nd day of August, 1989, we hereby reverse the November 30, 1988 order of the Court of Common Pleas of Cambria County. We remand this matter to the trial court for the granting of the Township's motion for judgment on the pleadings.

Jurisdiction relinquished.