**MAPLE STREET A.M.E. ZION CHURCH**

v.

**CITY OF WILLIAMSPORT and City Council of the City of Williamsport, Appellants.**

**Maple Street A.M.E. Zion Church, Appellant**

v.

**City of Williamsport and City Council of the City of Williamsport.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 14, 2010.
Decided Oct. 8, 2010.

Christopher M. Williams, Williamsport, for designated appellant Maple Street A.M.E. Zion Church.

Mark P. Thompson, West Chester, for designated appellee City of Williamsport and City Council of City of Williamsport.

BEFORE: PELLEGRINI, Judge, and BUTLER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge PELLEGRINI.

Maple Street A.M.E. Zion Church (Church) and the City of Williamsport and City Council of the City of Williamsport (collectively, City) file cross-appeals from the order of the Court of Common Pleas of Lycoming County (trial court) striking a condition requiring the Church to obtain a written license for eight off-street parking spaces and otherwise affirming the City

Council of the City of Williamsport's (Council) conditional approval for the Church to use the subject property for a church use.

On June 27, 2007, the Church entered into a sales agreement for the purchase of real estate at 962 Memorial Avenue a/k/a 600 Fifth Avenue (Property) in Williamsport. A building covers almost all of the Property with no room left for parking spaces. Prior to the sale, the Property had been used as a laundromat for decades. In 1971, the City enacted a zoning ordinance. The Property is located in an area zoned R–2, in which a laundromat is not a permitted use. Because it predated the zoning ordinance, the laundromat was a legal non-conforming use, making it exempt from the otherwise required 15 off-street parking spaces.

A church is permitted by conditional use in an R–2 district, and it is required to have at least one off-street parking space for every 10 members, calculated by the number of persons permitted in the church by the Building Code. The Building Code limits occupancy of the building to not more than 75 people, which would require eight off-street parking spaces under the zoning ordinance. The Church is a small one with a current membership of approximately 25 people. The Church hopes to recruit new parishioners from the surrounding area to bring its membership to a total of 50 people. Church members feel that it is unlikely that the Church would grow to more than 75 people, but in the event that it did, the Church would find a new location, as the Property is unsuitable to hold that many people.

The Church submitted a request for a variance and zoning interpretation regarding the off-street parking requirement to the Zoning Hearing Board (Board). At a February 21, 2008 hearing before the Board, it concluded that no variance was required because the Church required less parking than the laundromat and the Church should go to Council to have its parking issues considered. The Board never issued a written decision. On December 9 and December 16, 2008, the Church published a public notice of a deemed approval in the Williamsport Sun–Gazette due to the Board's failure to issue a written decision.[1] No one appealed the deemed approval.

Prior to the hearing before the Board, the Church had also submitted a request to Council for a conditional use approval regarding the Property. Following a hearing, on April 3, 2008, Council granted the conditional use subject to three conditions, only the first of which is relevant to this appeal. That condition required the Church to obtain a written license for eight off-street parking spaces. During the hearing before Council, the Church's

1. Section 908(9) of the Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10908(9), provides, in relevant part:

The board or the hearing officer, as the case may be, shall render a written decision or, when no decision is called for, make written findings on the application within 45 days after the last hearing before the board or hearing officer.... [W]here the board fails to render the decision within the period required by this subsection or fails to commence, conduct or complete the required hearing as provided in subsection (1.2), the decision shall be deemed to have been rendered in favor of the applicant unless the applicant has agreed in writing or on the record to an extension of time. When a decision has been rendered in favor of the applicant because of the failure of the board to meet or render a decision as hereinabove provided, the board shall give public notice of said decision within ten days from the last day it could have met to render a decision in the same manner as provided in subsection (1) of this section. If the board shall fail to provide such notice, the applicant may do so.

attorney had represented that Jeff and Jessica Wheeland (Neighbors), nearby property owners with a parking lot large enough to hold approximately 30 vehicles, were willing to provide such a license to the Church. The Church and the Neighbors did indeed enter into the license agreement about two months after Council's ruling. The license did not specify how many parking spaces were available in the Neighbors' lot and provided that it could be terminated with 30 days written notice.

Before the Church and the Neighbors entered into the license agreement, the Church appealed Council's determination to the trial court, arguing that it should not be subject to the condition that it obtain the eight off-street parking spaces because the parking portion of the legal non-conforming use enjoyed by the laundromat continued and because a deemed approval had occurred. The trial court remanded the matter to Council to determine whether the parking requirement imposed on the Church was subject to the law of nonconforming use and, if so, whether Council had the authority to place conditions on parking under its conditional use power that could override or nullify any preexisting non-conforming use. Council held a hearing and entered a resolution on April 2, 2009, stating that because the prior non-conforming use had ended when the Property was sold to the Church, any accessory non-conforming use with respect to parking also ended.

The Church appealed again to the trial court, raising the same two issues: first, that the laundromat's non-conforming use with respect to parking continued after the sale of the Property and, alternatively,

that the Church had acquired a variance from the parking requirement via deemed approval. The trial court held that Council did not abuse its discretion in determining that the Church did not have a right to non-conforming parking. However, even though only Council's decision was before it on appeal, the trial court also held that the Church had obtained a deemed approval of a variance from the parking requirements through the Board's failure to issue a written determination followed by the Church's publication of the deemed approval in the local newspaper. Both sides appealed to this Court.[2]

## I. The Church's Appeal

■ In its appeal, the Church contends that even though the trial court agreed with it that it had obtained a deemed approval of its request for a parking variance due to the Board's failure to file a written determination and its subsequent publication of the deemed approval, the trial court should also have reversed Council's determination· that the parking non-conformity associated with the laundromat's non-conforming use ended when the Property was sold to the Church, a permitted conditional use. The Church argued that its appeal was necessary to preserve this issue on appeal in case this Court finds that it does not have a deemed approval.

■ Only an aggrieved party can appeal from an order entered by a lower court. A prevailing party that disagrees with the legal reasoning of an order or a court or agency or may have had a particular issue decided against it lacks standing to appeal because it is not adversely affected by the order. *United Parcel Service,*

---

**2.** In a land use appeal, where a full and complete record was made and the trial court took no additional evidence, our scope of review is limited to determining whether an error of law has been committed or there has been a manifest abuse of discretion. *In re Brandywine Realty Trust,* 857 A.2d 714 (Pa. Cmwlth.2004).

*Inc. v. Pennsylvania Public Utility Commission*, 574 Pa. 304, 830 A.2d 941 (2003); *Commonwealth v. Polo*, 563 Pa. 218, 759 A.2d 372 (2000); Pennsylvania Rule of Appellate Procedure 501. Because the Church was a prevailing party, it lacked standing to appeal, and its appeal is quashed.[3]

## II. The City's Appeal

■ In its appeal, the City contends that the Church's claim to a deemed approval of a variance was a collateral attack on the Council's adjudication granting conditional use approval and could only have been raised in an appeal from the deemed approval or in a mandamus action against the Board. The City further contends that even if the claim of a deemed approval could be raised in this appeal, no deemed approval occurred because the Church did not follow the proper procedures because the notice procedures in the MPC were not met, rendering any deemed approval void *ab initio*.

■■ A deemed approval claim is normally pursued in a mandamus action.[4] *WeCare Organics, LLC v. Zoning Hearing Board of Schuylkill County*, 954 A.2d 684 (Pa.Cmwlth.2008); *Township of East Taylor v. Spanko*, 128 Pa.Cmwlth. 24, 562 A.2d 962 (1989). An applicant for a variance may not seek a deemed approval by collaterally attacking a decision on the merits made by a different body than the body that failed to issue the deemed approval. *See Spanko*, 562 A.2d at 962; *Riverside*

*Associates v. Zoning Hearing Board of Springettsbury Township*, 77 Pa.Cmwlth. 158, 465 A.2d 120 (1983). The trial court, which was hearing an appeal on the merits of a decision by Council to require parking, lacked jurisdiction to consider the Church's argument that it had a deemed approval of its requested parking variance because of inaction by the Board.

However, even if the Church had properly filed a mandamus action seeking a deemed approval, it still would not have prevailed even though no one appealed because the deemed approval was not properly perfected. A deemed approval is not self-effectuating. *Peterson v. Amity Township Board of Supervisors*, 804 A.2d 723, 728 (Pa.Cmwlth.2002). In considering whether a deemed approval has occurred, the requirements of Section 908(9) of the MPC must be followed. This section provides:

> The board or the hearing officer, as the case may be, shall render a written decision or, when no decision is called for, make written findings on the application within 45 days after the last hearing before the board or hearing officer.... When a decision has been rendered in favor of the applicant because of the failure of the board to meet or render a decision as hereinabove provided, the board shall give public notice of said decision within ten days from the last day it could have met to render a decision in the same manner as provided in

---

3. Because this Court may affirm a trial court's order for any reason raised below, regardless of the reason the trial court relied on in its decision, *Salazar v. Allstate Insurance Company*, 549 Pa. 658, 670 n. 13, 702 A.2d 1038, 1045 n. 13 (1997), the Church could have merely argued in its reply brief to the City's appeal both the deemed approval and continuing non-conforming use theories as grounds for affirmance.

4. A writ of mandamus is an extraordinary remedy that compels an official's performance of a ministerial act or mandatory duty where there exists a clear legal right in the plaintiff and a corresponding duty in the defendant and where there is no other adequate remedy at law. *Lamar Advertising Company v. Zoning Hearing Board of Monroeville*, 939 A.2d 994 (Pa.Cmwlth.2007).

[Section 908(1)]. If the board shall fail to provide such notice, the applicant may do so.

Under this provision, when a zoning board does not give public notice of its decision within 10 days of the last day it could have met to render a decision, the applicant is required to do so, but the MPC does not provide any timeframe for this to be done. In addition, assuming the public notice is timely, it must be in accordance with Section 908(1) of the MPC.

Section 908(9) of the MPC is silent with regard to the timeframe the applicant has to give public notice, but the applicant presumably must do so within a reasonable time. In this case, we need not decide whether the Church gave notice within a reasonable time because it failed to give public notice in the form required by Section 908(1) of the MPC. That provision provides:

> Public notice shall be given and written notice shall be given to the applicant, the zoning officer, such other persons as the governing body shall designate by ordinance and to any person who has made timely request for the same. Written notices shall be given at such time and in such manner as shall be prescribed by ordinance or, in the absence of ordinance provision, by rules of the board. In addition to the written notice provided herein, written notice of said hearing shall be conspicuously posted on the affected tract of land at least one week prior to the hearing.

The Church did not fulfill all of Section 908(1)'s requirements[5] because it did not post the Property. In *Luke v. Cataldi*, 593 Pa. 461, 932 A.2d 45 (2007), our Supreme Court extended the void *ab initio* doctrine to procedurally defective conditional use applications, holding that the township's failure to comply with the MPC public notice requirement for considering a conditional use application rendered a subsequent conditional use permit void *ab initio*. Although *Luke* deals with the granting of a conditional use while the instant matter deals with the granting of a variance, it applies equally to the deemed approval process where public notice is given, and notice in both are grounded in the same underlying principles of due process. *Compare* Section 913.2(b)(2) of the MPC,[6] to Section 908(9), *and see Luke*, 593 Pa. at 476–77, 932 A.2d at 54. Because the purported deemed approval was void *ab initio*, the appeal period never began to run, so it never could have lapsed and no challenge to the purported deemed approval could be time-barred.

■ Because this Court may affirm the trial court's order for any reason raised below, *Salazar*, we will now examine the Church's argument that Council erred in requiring it to have eight parking spaces because the proposed use of the Property is less non-conforming than the previous use. Ignoring that the proposed use is not a non-conforming use but a permitted one, this argument is problematic because, normally, whether a special exception should be granted on the basis that a non-conforming use exists or the new use is less intensive use is for a zoning board to de-

---

5. The Church argues that because Section 908(9) only references "public notice" and not "notice" generally, that only the first five words—"Public notice shall be given"—of Section 908(1) applies to deemed approvals because the rest of Section 908(1) deals with written notice. This interpretation of Section 908(9) is untenable. If the General Assembly had not intended for all of Section 908(1) to apply, it would not have required that public notice be given "in the same manner as provided in Section 908(1)."

6. Added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10913.2(b)(2).

cide, Section 912.1 of the MPC,[7] not Council. In this case, though, the trial court remanded the matter to Council to determine whether the parking requirement imposed on the Church was subject to the law of non-conforming use and, if so, whether Council had the authority to place conditions on parking under its conditional use power that could override or nullify any pre-existing nonconforming use. Council then held that because the prior non-conforming use ended when the Property was sold to the Church, any accessory non-conforming use with respect to parking also ended, other than by court order a decision it had no jurisdiction to make. Because Council did not have jurisdiction to decide that issue and it did not have a decision from the Board that the Church was either entitled to a variance or non-conforming use or to a deemed approval order that the Church use was a lesser non-conforming use or was entitled to a variance, it properly conditioned the grant of the conditional use on the Church providing eight parking stalls.

■ The final question is whether the Church has fulfilled that condition upon its application for a conditional use. The Neighbors granted the Church a license to park in their off-street lot during the hours in which the Property is in use. It is undisputed that the Neighbors' lot can hold approximately 30 vehicles, much more than the eight vehicles needed, and the City is not contesting that representation. Accordingly, because the Church has fulfilled Council's condition to provide parking, we affirm the trial court that the conditional use and attendant occupancy permit should be issued, albeit on different grounds.

### ORDER

AND NOW, this 8th day of October, 2010, the order of the Court of Common Pleas of Lycoming County dated October 16, 2009, is affirmed with respect to the City of Williamsport and the City Council of the City of Williamsport's appeal. Maple Street A.M.E. Zion Church's appeal is quashed.

---

7. Added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10912.1.