**Appeal of CHESTER COUNTY OUT-DOOR, LLC, From the Decision of the Zoning Hearing Board of Penn Township Dated December 1, 2011.**

**Appeal of Chester County Outdoor, LLC.**

Commonwealth Court of Pennsylvania.

Argued Feb. 11, 2013.

Decided March 27, 2013.

Gregg I. Adelman, Blue Bell, for Appellant.

Michael G. Crotty, Chester Springs, for Appellee Penn Township.

BEFORE: PELLEGRINI, President Judge, and COHN JUBELIRER, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Chester County Outdoor, LLC (CCO) appeals from the April 11, 2012, order of the Court of Common Pleas of Chester County (trial court), which denied CCO's appeal and affirmed the decision of the Zoning Hearing Board of Penn Township (ZHB), dated December 1, 2011. We affirm.

CCO develops, constructs, operates, and maintains commercial, off-premises billboards. CCO is a billboard lessee of property (Property) located at 27 Commerce Boulevard in Penn Township (Township). The Property is adjacent to the limited

access portion of Route 1 Kennett–Oxford Bypass in the commercial zoning district.

On August 10, 2011, CCO filed a challenge to the validity of the Township's Zoning Ordinance (Ordinance) pursuant to section 916.1(a)(1) of the Pennsylvania Municipalities Planning Code (MPC), 53 P.S. § 10916.1(a)(1),[1] alleging that section 1800.G of the Ordinance unlawfully excludes billboards.[2]

On November 10, 2011, the ZHB held a hearing at which the Township agreed with CCO that section 1800.G of the Ordinance was invalid and unconstitutional because it excluded billboards. In addition, during the hearing, CCO formally withdrew its proposed billboard plans that were attached to its challenge.

> Mr. Adelman: There is a case, and I can't recall the name off hand that says we are not required to file any site plans with the challenge before this Board. As a result, I hereby formally withdraw the plans that were attached to our application, and ask the Board not to consider them at all this evening. We're not required to file them under 916.1, nor are we required to have them filed in accordance with Pennsylvania case law.
>
> Mr. Foley: Very well, any objection to that procedure?
>
> Mr. McMichael: Not at all.

(N.T. at 8.) Thereafter, the ZHB confirmed that the only issue before it was the validity of the Ordinance and that the site-specific relief was not before the ZHB:

> Mr. Foley: Very well. What's the Board's pleasure? I can advise you on the record that in view of the withdrawal of the application for site specific relief before you, that's not properly before us. And the only issue before you is the validity or invalidity of section 1800.G of the ordinance, as to which I've previously sent an opinion letter to you. . . .

(*Id.* at 11.)

At the conclusion of the hearing, the ZHB declared section 1800.G of the Ordinance invalid and stated that it would "issue a formal decision limited to the matters that were submitted before us tonight, and not addressing any site specific relief, as that was withdrawn." (*Id.* at 13.)

On December 1, 2011, the ZHB issued its decision sustaining CCO's challenge and determining that the Ordinance was invalid because it excluded billboards. The decision further states in pertinent part as follows:

> 2. At the hearing, the Applicant withdrew its request for site-specific relief, and any review of the particular sign location, design or plans. Nevertheless, because these plans, location and design remain part of the record (they were attached to the Applicant's application/appeal), the Board *notes* that the Applicant *would not be* entitled to the *particular* site-specific relief as depicted

---

1. Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101–11202. Section 916.1 was added by the Act of December 21, 1988, P.L. 1329.

2. Section 1800.G of the Ordinance provides:
   Section 1800—General: The following regulation shall be observed in all districts:
   \* \* \*
   G. No sign shall be erected on a premises except one advertising a business or articles or merchandise for sale on the same premises.

in its application for the following reasons:

a. The proposed sign violates Section 1102.G of the Zoning Ordinance, which requires all structures to be set back 50 feet from the right-of-way or street line.

\* \* \*

■ All of these Zoning Ordinance requirements are valid and enforceable in accordance with Section 105 of the ... Ordinance, which provides that, where one provision of the ... Ordinance is declared to be invalid, it does not affect the validity of the Ordinance as a whole, or any other part thereof.

(ZHB's Decision at 2–3) (emphasis added). On December 15, 2011, CCO appealed to the trial court alleging that the ZHB erred and abused its discretion in denying CCO site-specific relief. On April 11, 2012, the trial court denied CCO's appeal and affirmed the ZHB concluding that CCO did not have standing to appeal the ZHB's decision. On April 19, 2012, CCO appealed to this court.[3]

Initially, CCO argues that it had standing to appeal the ZHB's decision because it was clearly aggrieved by the ZHB's decision denying site-specific relief. CCO contends that as the successful challenger of an exclusionary challenge, it had an immediate and pecuniary right to site-specific relief. We disagree.

■ Only an aggrieved party can appeal from an order entered by the trial court. *Maple Street A.M.E. Zion Church v. City of Williamsport,* 7 A.3d 319, 322 (Pa.Cmwlth.2010). "A prevailing party that disagrees with the legal reasoning of an order or a court or agency or may have had a particular issue decided against it lacks standing to appeal because it is not adversely affected by the order." *Id.* In order to have standing to appeal a land use decision to the trial court, a party must have a direct interest in the particular question litigated and his or her interest must be immediate and pecuniary. *Miller v. Upper Allen Township Zoning Hearing Board,* 112 Pa.Cmwlth. 274, 535 A.2d 1195, 1199 (1987).

■ Here, the only issue presented for consideration to the ZHB was the validity of section 1800.G of the Ordinance. The ZHB held in favor of CCO on this issue, making CCO the prevailing party in its validity challenge.

Before the trial court, CCO argued that it was an aggrieved party because the ZHB denied its withdrawn application for site-specific relief. Specifically, the ZHB noted in its decision that CCO "would not be entitled to the particular site-specific relief as depicted in its application." (ZHB's Decision at 1.) However, the ZHB did not state that CCO is not entitled to site-specific relief. Rather, the ZHB stated that CCO's application as presented would not comply with various unchallenged sections of the Ordinance.[4] That portion of the ZHB's decision relating to the site-specific relief was dictum and is not precedential. CCO did not request,

---

**3.** Our review, where the trial court takes no additional evidence, is limited to determining whether the ZHB committed an error of law or abused its discretion. *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 554, 462 A.2d 637, 639 (1983).

**4.** We note that the ZHB was within its authority in *noting* that the plans submitted as

part of the CCO's validity challenge did not comply with the Ordinance. *See* Section 916.1(c)(5) of the MPC, 53 P.S. § 10916.1(c)(5). The ZHB did not make a decision on this issue, but, as a courtesy, informed CCO of what it would need to change if it later submitted a request for site-specific relief.

and the ZHB did not issue, a determination regarding site-specific relief.

Having obtained all the relief that it sought from the ZHB, CCO is not entitled to anything further. CCO is not an aggrieved party and, therefore, did not have standing to appeal the ZHB's decision.[5]

Accordingly, we affirm.

### ORDER

AND NOW, this *27th* day of *March,* 2013, we hereby affirm the April 11, 2012, order of the Court of Common Pleas of Chester County in the above-captioned matter.

---

**5.** Because CCO does not have standing to appeal, we need not address its remaining issues.