# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Phive Starr Properties, LP,      :
              Appellant      :
              :
          v.             :    No. 435 C.D. 2015
              :    Argued: November 17, 2015
City of Washington            :


BEFORE:     HONORABLE BONNIE BRIGANCE LEADBETTER, Judge[1]
               HONORABLE ROBERT SIMPSON, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge


**OPINION NOT REPORTED**


MEMORANDUM OPINION BY
JUDGE LEADBETTER                        **FILED: April 18, 2017**


       Phive Starr Properties, LP (Phive Starr) appeals from an order of the Court of Common Pleas of Washington County (common pleas) affirming the decision of City Council of the City of Washington (City Council) to deny Phive Starr's application for a curative amendment to the Zoning Ordinance of the City of Washington (Zoning Ordinance). This matter originated with Phive Starr's proposal to develop and operate a boarding house in the City of Washington, which was rendered somewhat problematic by the fact that the Zoning Ordinance

---

[1] This case originally was assigned to the opinion writer on or before January 31, 2016, when Judge Leadbetter assumed the status of senior judge. However, the case subsequently was held in abeyance pending mediation. In light of the parties' inability to reach a timely resolution of the matter in mediation, the prior order holding the case in abeyance was vacated and the Chief Clerk assigned the case for disposition in February 2017.

neither defines nor directly addresses boarding houses. The sole issue on appeal is whether common pleas erred in determining that boarding houses were not unconstitutionally excluded from the uses permitted in the Zoning Ordinance. We conclude that there is no merit to Phive Starr's *de jure* validity challenge to the Zoning Ordinance and, accordingly, affirm.

Located in the City's Business Improvement District (BID) at 130 North Franklin Street, the property at issue was previously owned by a church and used as a residence for nuns. Planning to use the property as a boarding house for approximately twenty-eight boarders, primarily oil and gas workers, Phive Starr filed a conditional use application. There is a catch-all provision in the BID providing: "Residential uses other than single-family shall be a conditional use in said district subject to the provisions of the City of Washington Code of Ordinances including, but not limited to, area, size, set back and parking regulations for multi-family and multi-residential uses in the City of Washington." Section 301.1.A.(3) of the Zoning Ordinance at 577; Reproduced Record (R.R.) at 169a. Following a special meeting, City Council denied Phive Starr's application. The record reflects that the original applicants did not appeal from that denial.[2]

Subsequently, Phive Starr filed the application for a curative amendment presently before us, arguing that the Zoning Ordinance was exclusionary because it failed to permit a boarding house in any district. Following a hearing, City Council denied the application at a subsequent public

---

[2] Mr. Robert C. Starr testified as to the original composition of the partnership and as to why those individuals chose not to pursue the matter. May 8, 2014, City Council Hearing, Notes of Testimony (N.T.) at 44-47; R.R. at 45-48a. He stated that they "didn't want to deal with it anymore and they didn't have enough money." *Id*. at 54; R.R. at 55a.

meeting.  Phive Starr appealed and, without taking additional evidence, common pleas affirmed the denial.[3]  Phive Starr's appeal to this Court followed.

In resolving this matter, we are mindful of the following:

> Zoning ordinances in Pennsylvania enjoy a presumption of constitutionality and validity, and the party challenging one bears a heavy burden of proving otherwise.  In order to overcome this presumption of constitutionality, the challenger must demonstrate that the ordinance totally excludes an otherwise legitimate use.  Unless the challenger demonstrates that the ordinance in question completely or effectively excludes a legitimate use, the challenger has failed to carry its burden.  To prove total or effective exclusion of a permitted use, the challenger can show that the ordinance is either *de jure* or *de facto* exclusionary.  A *de jure* exclusion exists where an ordinance, on its face, totally bans a legitimate use.  A *de facto* exclusion exists where an ordinance permits a use on its face, but when applied, acts to prohibit the use throughout the municipality.

*In re Bartkowski Inv. Group, Inc.*, 106 A.3d 230, 238 (Pa. Cmwlth. 2014), *appeal denied*, 118 A.3d 1109 (Pa. 2015) (citations omitted).  In addition, it is well established that, "[u]ncertainties in the interpretation of an ordinance are to be resolved in favor of a construction which renders the ordinance constitutional." *Upper Salford Twp. v. Collins*, 669 A.2d 335, 336 (Pa. 1995).

As an initial matter, we note that the Zoning Ordinance does not define boarding houses and that the only direct reference therein is their exclusion from the definition of a dwelling, which provides:  "[A] building or structure or manufactured home, designed or used exclusively for residential occupancy,

---

[3] Where, as here, a full and complete record was made before the governing body and common pleas did not take additional evidence, we are limited to reviewing whether an error of law has been committed or there has been a manifest abuse of discretion.  *Maple St. A.M.E. Zion Church v. City of Williamsport*, 7 A.3d 319, 322 n.2 (Pa. Cmwlth. 2010).

including single-family dwellings, duplexes and multifamily dwellings, but not including hotels or lodging and *boarding homes*." Section 102 of the Zoning Ordinance at 543-44; R.R. at 130-31a (emphasis added). Notwithstanding the absence of a definition for "boarding house," a "boarder" is defined as "an individual or individuals, other than a family member of the family occupying the dwelling unit, or part thereof, who, for a consideration, is furnished sleeping accommodations and may be furnished meals or other services as part of the consideration." *Id*. at 538; R.R. at 125a. A "dwelling unit" is defined as follows: "[A] group of connected rooms, whether in a separate structure, a duplex, townhouse or apartment building including, in each unit, bathing, toilet and cooking and food storage facilities for the exclusive use of one (1) family or not more than three (3) unrelated individuals." *Id*. at 544; R.R. at 131a.

Notwithstanding the fact that the Zoning Ordinance defines a boarder as one who lives in a dwelling unit, it is not clear that a boarding house is necessarily a dwelling unit or that it houses boarders as defined by the ordinance. In any event, the fact that an ordinance does not contain a specific provision addressing a proposed use is not, in and of itself, a basis for finding an unconstitutional exclusion of that use. *Kratzer v. Bd. of Supervisors of Fermanagh Twp.*, 611 A.2d 809, 812 (Pa. Cmwlth. 1992). Where a zoning ordinance is broad enough to encompass the proposed use, there is no *de jure* exclusion. *Id*. In that regard, we conclude that the BID's catch-all provision, which provides that residential uses other than single-family shall be a conditional use, encompasses the boarding house use. In so determining, we note common pleas' reliance on the testimony of Ron McIntyre, the City's code enforcement officer, in support of its conclusion that Phive Starr's "*proposed use* of [the] property could conceivably be

4

accommodated via conditional use application." June 11, 2015, Opinion of Common Pleas at 8; R.R. at 373a.

By way of background to McIntyre's testimony, we note that the Zoning Ordinance provides for two discrete business districts: the BID at issue and the General Business District. As common pleas observed: "[N]o significant distinction exists between [them], at least to the extent that the relevant permitted uses and intended purposes of these districts are identical . . . ."[4] *Id*. at 11; R.R. at 376a. Pertinent here, the General Business District contains the identical catch-all provision as the BID.[5] In any event, McIntyre testified that City Council previously considered something akin to a boarding house when it approved an application for conditional use to operate a "common area apartment complex" at the old sixth ward school located at 315 Hallam Avenue in the City's General Business District. November 4, 2010, Minutes of City Council at 1-2; R.R. at 317-18a. He stated that the multi-story converted school is used to house transient workers for the oil and gas industry and that "they come in and they share, like, a living room area, share a kitchen and bathroom area, and then have sleeping quarters." May 8, 2014, City Council Hearing, Notes of Testimony (N.T.) at 17; R.R. at 18a. Regarding the layout, he testified as follows: "[W]hen you walk in, there's, like, a shared suite or common area for recreation, watching TV, sitting on couches, things like that. And then off of that are sleeping rooms off of the suite. And I think there's several floors of those with male and female bathrooms." *Id*. at 13; R.R. at 14a.

---

[4] The only differences between permitted uses in these districts relate to offices, government facilities, and retail establishments. Part 3 of the Zoning Ordinance at 577-79; R.R. at 168-70a.

[5] Section 302.1.A.(3) of the Zoning Ordinance at 578; R.R. at 169a.

5

While it is true that the Zoning Ordinance contains neither a definition for "boarding house" nor "common area apartment complex," we conclude that a "boarding house" qualifies as a residential use other than single-family under Section 301.1.A.(3) of the Zoning Ordinance.[6] This determination is consistent with City Council's past treatment of something tantamount to a boarding house as a conditional use under the Zoning Ordinance, which occurred regardless of the fact that those patrons were paying for their lodging. It is also in line with the well-established edict that an ordinance must be construed in a sensible manner. *Adams Outdoor Adver., L.P. v. Zoning Hearing Bd. of Smithfield Twp.*, 909 A.2d 469, 483 (Pa. Cmwlth. 2006). We, therefore, reject Phive Starr's argument that boarding houses were unconstitutionally excluded from the permitted uses outlined in the Zoning Ordinance.

Accordingly, we affirm.

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge

---

[6] This record does not reflect why the earlier conditional use application was denied. At all events, that denial was not appealed and it is not clear whether a renewed application could cure whatever defects prevented its approval.

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Phive Starr Properties, LP,       :
               Appellant     :
                               :
           v.            :     No. 435 C.D. 2015
                               :
City of Washington          :

# **O R D E R**

AND NOW, this 18th day of April, 2017, the order of the Court of Common Pleas of Washington County is hereby AFFIRMED.

 

                                         _____
                                         **BONNIE BRIGANCE LEADBETTER,**
                                         Judge