# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rooftop Equipment, Inc., a/k/a :
Rooftop Holdings, LLC, :
     Appellant :
        :
    v. : No. 1794 C.D. 2016
        : SUBMITTED: November 13, 2017
Wilmington Township Zoning :
Hearing Board and Wilmington :
Township :

BEFORE: HONORABLE RENÉE COHN JUBELIRER, Judge
     HONORABLE PATRICIA A. McCULLOUGH, Judge
     HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## <u>OPINION NOT REPORTED</u>

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**     **FILED: December 27, 2017**

Rooftop Equipment, Inc., a/k/a Rooftop Holdings, LLC (Rooftop), appeals from the September 29, 2016, order of the Court of Common Pleas of Mercer County (trial court), which denied Rooftop's appeal from a decision of the Wilmington Township Zoning Hearing Board (Board) granting Rooftop a variance. The trial court denied the appeal because Rooftop lacked standing to appeal from the Board's decision. We affirm.

Rooftop is the owner of property located at 4617 New Castle Road, New Wilmington, PA 16142 (Property). The Property is improved with a commercial building. Disagreement exists over the zoning classification of the Property. Rooftop argues that the Property is zoned for commercial activity, while the Board argues that the Property is zoned R-1-A (Rural Agricultural/Residential) and that Rooftop's present use is a lawful, non-conforming use.

Rooftop applied to the Wilmington Township (Township) zoning officer for a building permit to construct a 1600 square foot addition to Rooftop's existing commercial building. The zoning officer denied the request, stating that Board approval was required to enlarge non-conforming structures and non-conforming uses per Township Zoning Ordinance sections 1003.1 and 1004.1, respectively. (Supplemental Reproduced Record (S.R.R.) at 11b.) The zoning officer suggested a variance. (S.R.R. at 11b.) Rooftop appealed the zoning officer's decision to the Board. In its Notice of Appeal on a pre-printed form, Rooftop checked the line indicating it appeals from the zoning officer's denial of a building permit. (S.R.R. at 8b.) Subsequently, Rooftop's counsel filed a "Petition to Clarify Zoning Classification and Direct Zoning Officer to Issue Building Permit" (Petition) with the Board. (Reproduced Record (R.R.) at 4a.) The Board held a hearing at which Rooftop appeared, represented by counsel. (R.R. at 9a.) No witnesses appeared. At the hearing, there was discussion among Board members, counsel for the Board and counsel for Rooftop regarding whether a variance was needed. Ultimately, the Board voted unanimously to approve a variance.[1]

Rooftop then appealed to the trial court.[2] The trial court denied Rooftop's appeal, stating that Rooftop lacked standing to appeal because it prevailed below and therefore was not aggrieved by the Board's decision. (Trial court opinion

---

[1] For purposes of context, it appears that, in March of 1998, Rooftop President Bob Burns submitted an "Application for Declaration of Non-Conformance, Land Use Approval and/or Zoning Change" to the Township Board of Supervisors when he was under contract to purchase the Property. The Board of Supervisors' March 1998 Minutes state, "Granted Bob Burns use for commercial activity on Leonard's property Rt. # 18 until permanent ordinance is amended." (R.R. at 43a.)

[2] The Township intervened before the trial court. Before this Court, the Township joins in the Board's brief. (Letter filed February 10, 2017.)

at 4.) The trial court noted that Rooftop was entitled to construct the 1600 square-foot addition, and thus its appeal of the permit denial was successful.

Before this Court, Rooftop raises three issues. As standing to appeal is a threshold issue, we will address that issue first. Rooftop argues that it has standing to appeal because it is an aggrieved person. Rooftop argues it did not request a variance and it does not want a variance. Rooftop points out that in the concluding paragraph of its Petition filed with the Board, Rooftop requested that the Board "render a ruling clarifying the zoning classification for the property in question, vacating the permit denial of January 18, 2016 and directing the zoning officer to issue a permit as requested." (R.R. at 7a.) Rooftop further argues that it will be adversely affected if the Board's decision is allowed to stand. Rooftop maintains that the trial court erroneously refused to receive additional evidence which would have established that the Property would have a lower value if it is zoned R-1-A rather than commercial, and thus, that Rooftop is aggrieved. In effect, Rooftop makes an unusual argument in that it asks this Court to reverse the trial court's decision which leaves in place the Board's decision granting a variance-- a variance which permits Rooftop to expand the structure and use of its Property, just as Rooftop sought to do.

It is well-settled that only an aggrieved party may appeal. *In re Chester County Outdoor, LLC*, 64 A.3d 1148, 1151 (Pa. Cmwlth. 2013). "Generally, a party is aggrieved when he has an adverse, direct, immediate and substantial interest in a decision, as opposed to a remote and speculative interest." *Thompson v. Zoning Hearing Board of Horsham Township*, 963 A.2d 622, 624 n. 2 (Pa. Cmwlth. 2009). "A prevailing party that disagrees with the legal reasoning of an order or [sic] a court or agency or may have had a particular issue decided against it lacks standing to

appeal because it is not adversely affected by the order." *Maple Street A.M.E. Zion Church v. City of Williamsport*, 7 A.3d 319, 322 (Pa. Cmwlth. 2010).

Contrary to Rooftop's assertion, the Board recognized that Rooftop's appeal sought clarification of the zoning classification. Indeed, the Board stated it "granted [Rooftop's] request for clarifying the zoning classification for the [P]roperty …." (Board decision at 1.) The Board then determined that the present zoning classification for the Property is R-1-A. (Findings of Fact No. 3.) The Board further confirmed the decision of the Township zoning officer that Board approval was required in order to expand existing non-conforming structures and uses of non-conforming structures pursuant to Sections 1003.1 and 1004.1 of the Township Zoning Ordinance, respectively. The Board confirmed the decision of the zoning officer, who recommended a variance, and the Board granted Rooftop a variance for the construction of the 1600 square-foot addition to the currently existing commercial building. (Board's decision at 1, Conclusions of Law No. 1.)

The Board clarified the zoning classification, just as Rooftop asked. Ultimately, the Board granted Rooftop a variance to make use of the Property in exactly the manner it sought to do. Consequently, Rooftop is the prevailing party. As such, Rooftop is not aggrieved and therefore lacks standing to appeal. *See Maple Street*.

Nonetheless, Rooftop argues that the Board erred because Rooftop did not ask for a variance. However, Rooftop has waived the right to argue that it did not seek a variance, because Rooftop failed to object when the Board stated it would consider a request for a variance.[3] *See Duffy v. Department of Transportation,*

---

[3] At the hearing, the Board's solicitor asked if the matter was being considered as an appeal or if it was a request for a variance. (R.R. at 19a.) The solicitor stated that in terms of economy,

4

*Bureau of Driver Licensing*, 694 A.2d 6 (Pa. Cmwlth. 1997) (stating a litigant who fails to raise at trial an available objection waives it on appeal); *cf. Bristol Township Water Authority v. Lower Bucks County Joint Municipal Authority,* 567 A.2d 1110 (Pa. Cmwlth. 1989) (stating that a party who fails to object before the judge when the asserted impediment or alleged conflict of interest is known waives the right to raise the issue as a basis for invalidating the judgment). Accordingly, even if we believed that Rooftop was aggrieved by the grant of a variance, Rooftop may not now raise this argument.

Accordingly, we affirm the order of the trial court.[4]

---

**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

---

he felt it was okay for the Board to consider it as a variance because in the appeal documents filed with the Board, Rooftop cited to a variance by estoppel, which is a request for a variance. (R.R. at 19a; *see* R.R. at 5a-6a.) The solicitor stated that Rooftop's use still required a variance because it was an expansion of a non-conforming use. (R.R. at 20a.) A board member then asked if the Board could call it a request for a variance and proceed. (R.R. at 20a.) A discussion ensued in which Rooftop's counsel expressed concern that his client was looking for certainty regarding the zoning classification because the client is concerned that he will have difficulties selling the property if he dies or retires and if a variance is required each time there is a change. (R.R. at 21a.) There was additional discussion. At no time did anyone testify on behalf of Rooftop. A Board member then stated, "[w]e will call it a request for a variance and ask the Board for a motion." (R.R. at 27a.) A motion was made to approve the expansion of the nonconforming use, and Rooftop did not object. (R.R. at 27a-28a.)

[4] Because Rooftop lacks standing to appeal, we will not reach the other issues raised by Rooftop.

Rooftop Equipment, Inc., a/k/a : <br>
Rooftop Holdings, LLC, :

                Appellant :

             :

           v. : No. 1794 C.D. 2016

             :

Wilmington Township Zoning : <br>
Hearing Board and Wilmington : <br>
Township :

# **O R D E R**

AND NOW, this 27th day of December, 2017, the order of the Court of Common Pleas of Mercer County is hereby affirmed.

_____ <br>
**BONNIE BRIGANCE LEADBETTER,** <br>
Senior Judge