**METROPOLITAN EDISON COMPANY, Appellant**

v.

**READING AREA WATER AUTHORITY and City of Reading Water Authority, a/k/a City of Reading Water Bureau.**

Commonwealth Court of Pennsylvania.

Argued Sept. 6, 2007.

Decided Dec. 12, 2007.

Charles E. Wasilefski, Harrisburg, for appellant.

Peter C. Buckley, Philadelphia, for appellee, Reading Area Water Authority and City of Reading Water Authority.

BEFORE: COLINS, Judge, and LEAVITT, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge COLINS.

Metropolitan Edison Company (Met–Ed) appeals from an order of the Court of Common Pleas of Berks County (trial court) that granted a summary judgment motion filed by the Reading Area Water Authority and City of Reading Water Authority, a/k/a City of Reading Water Bureau, (collectively, Reading) on the basis of governmental immunity. We affirm.

On July 3, 2003, Reading was performing excavation work with a boring machine in the vicinity of 111 North Ninth Street, Reading, Pennsylvania. During the course of the excavation, Reading struck and damaged a utility line owned by Met–Ed. Met–Ed filed an action to recover damages, asserting that Reading failed to exercise due care and take reasonable steps to avoid damaging its property, as required by Section 3 of Act 187 of 1996 [1], which amended the Act of December 12, 1986, P.L. 1574, commonly referred to as the Pennsylvania One Call Act (Act).

Reading filed an answer with new matter asserting, *inter alia*, that it was immune from suit pursuant to Sections 8541 and 8542 of the Judicial Code, 42 Pa.C.S. §§ 8541–8542. Reading subsequently moved for summary judgment on the basis of the immunity defense, asserting that Met–Ed's negligence claim did not fall within a recognized exception to governmental immunity.

The trial court granted Reading's summary judgment motion by order dated February 6, 2007. Thereafter, the trial court entered an opinion in support of the order, rejecting Met–Ed's contention that its claims fit within what is commonly referred to as the utility service facilities exception to governmental immunity, 42 Pa.C.S. § 8542(b)(5). Relying on our decision in *Le–Nature's Inc. v. Latrobe Municipal Authority*, 913 A.2d 988 (Pa.Cmwlth. 2006), the trial court determined that a *per se* violation of the Act does not create a dangerous condition of Reading's facilities, so as to qualify under the exception. Accordingly, the trial court concluded that Reading was entitled to governmental immunity, that there were no exceptions available to Met–Ed, and that summary judgment was proper. Met–Ed's appeal from the trial court's decision is presently before this Court.[2]

▮ On appeal, the sole issue raised by Met–Ed is whether "the trial court committed error in determining that [Reading] had immunity under the facts and circumstances of this case and granting summary judgment as a matter of law."[3] (Statement of Questions Present-

---

1. Act of December 19, 1996, P.L. 1460, No. 187, *as amended*, 73 P.S. § 180.

2. Our scope of review of an order granting summary judgment is plenary. *Pettit v. Namie*, 931 A.2d 790 (Pa.Cmwlth.2007). As to our standard of review, we will only disturb a trial court's order granting summary judgment where there has been an error of law or a clear abuse of discretion. *Id.* Summary judgment is properly granted when, viewing the record in a light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Id.*

3. Although Met–Ed raised sixteen issues in its Statement of Matters Complained of on Appeal, it did not include these issues in its brief. Thus, the issues are not before the Court and we will not address them.

ed, Met–Ed's brief at p. 4) For the reasons that follow, we conclude that it did not.[4]

Initially, we note that Met–Ed's amended complaint fails to make any allegations regarding a defect *of* the property involved. However, in its brief Met–Ed argues that the evidence of record indicates that the design, construction, installation and maintenance of Reading's water line, in close proximity to Met–Ed's utility line, constitutes a dangerous condition of Reading's water distribution system. The contention is that, by placing the water line in the same corridor as Met–Ed's utility line, it was reasonably foreseeable that Reading would strike Met–Ed's utility line when excavating. Thus, Met–Ed claims that it is entitled to recover damages from Reading.

■ Generally, local agencies are immune from tort liability. 42 Pa.C.S. § 8541. However, a cause of action may be maintained where: (1) the damages would be otherwise recoverable under common law or statute if the injury was caused by a person not protected by immunity, 42 Pa.C.S. § 8542(a)(1); (2) the injury was caused by the negligent act of the local agency or an employee thereof acting within the scope of his official duties; and (3) the negligent act falls within one of the enumerated exceptions to governmental immunity set forth in 42 Pa. C.S. § 8542(b). 42 Pa.C.S. § 8542(a)(2). Because of the expressed legislative intent to insulate political subdivisions from tort liability, the exceptions to immunity are strictly construed. *Thomas v. City of Philadelphia,* 668 A.2d 292 (Pa.Cmwlth. 1995).

■ Met–Ed contends that this case falls squarely within the utility service facilities exception to governmental immunity, which permits a cause of action against a local agency for:

A dangerous condition of the facilities of steam, sewer, water, gas or electric systems owned by the local agency and located within rights-of-way, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

42 P.S. § 8542(b)(5).

■ As the trial court correctly noted, in order for the utility service facilities exception to apply, the allegedly dangerous condition must have derived or originated from, or had its source as the local agency's realty. *Le–Nature's.* Here, Met–Ed did not allege that the dangerous condition derived from Reading's water line. Rather, Met–Ed alleged that Reading breached its duty under the Act because it failed to exercise due care and take reasonable steps to avoid damaging Met–Ed's property while excavating with a boring machine. Clearly, the dangerous condition, as alleged, originated with the conduct of Reading's employees. Hence, even if Reading was *per se* negligent under the Act, Met–Ed's failure to assert a claim that fits within the exception would preclude recov-

**4.** Before addressing the merits of Met–Ed's argument, we must first address Reading's request that we quash Met–Ed's appeal for relying on facts not of record and failing to cite the record below. While we recognize that Met–Ed's brief contains the aforementioned deficiencies, the deficiencies are not so substantial as to preclude effective review and warrant quashing the appeal. *See City of Chester v. Chester Redevelopment Authority,* 686 A.2d 30 (Pa.Cmwlth.1996), *petition for allowance of appeal denied,* 548 Pa. 650, 695 A.2d 787 (1997).

ery of damages. Therefore, we conclude the trial court did not err in granting Reading's motion for summary judgment.

Accordingly, the trial court's order is affirmed.

### ORDER

AND NOW, this 12th day of December 2007, the order of the Court of Common Pleas of Berks County is hereby affirmed.