WECARE ORGANICS, LLC, Appellant

v.

The ZONING HEARING BOARD OF SCHUYLKILL COUNTY.

Commonwealth Court of Pennsylvania.

Argued June 9, 2008.
Decided July 16, 2008.

---

Matthew J. Goodrich, Bangor, for appellant.

Robert S. Frycklund, Pottsville, for appellee.

BEFORE: McGINLEY, Judge, and COHN JUBELIRER, Judge, and KELLEY, Senior Judge.

OPINION BY Judge COHN JUBELIRER.

WeCare Organics, L.L.C. (WeCare) appeals the dismissal of its Action in Mandamus by the Court of Common Pleas of Schuylkill County (trial court). WeCare sought to compel the Zoning Hearing Board (ZHB) of Schuylkill County (County) to grant its application for a special exception on the grounds that the ZHB failed to issue a written opinion within 45 days of the final hearing in the matter, as required by Section 908(9) of the Pennsylvania Municipalities Planning Code (MPC).[1] This case is on remand from the Supreme Court, which vacated this Court's original order in this matter, *WeCare Organics, L.L.C. v. Zoning Hearing Board of Schuylkill County*, 895 A.2d 99 (Pa. Cmwlth.2006) (affirming the order of the trial court), with instructions to reconsider the matter in light of the Supreme Court's recent decision in *Wistuk v. Lower Mount Bethel Township Zoning Hearing Board*, 592 Pa. 419, 925 A.2d 768 (2007).

On August 25, 2003, WeCare, seeking permission to build and operate a biosolids processing facility, filed a special exception use request with the County Zoning Department. The County Zoning Officer denied the request on August 28, 2003. WeCare appealed the Zoning Officer's de-

---

1. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10908(9). Section 908(9) of the MPC states in relevant part:

 The board ... shall render a written decision ... on the application within 45 days after the last hearing before the board.... [W]here the board fails to render the deci-sion within the period required by this subsection ... the decision shall be deemed to have been rendered in favor of the applicant unless the applicant has agreed in writing or on the record to an extension of time.

 53 P.S. § 10908(9).

cision to the ZHB, which scheduled hearings on WeCare's request. The ZHB held hearings on WeCare's special exception use request on October 13, 2003, October 21, 2003, November 5, 2003, and November 18, 2003.

At the conclusion of the November 18, 2003 hearing, the chairman of the ZHB stated that the ZHB would announce its decision on December 4, 2003. The ZHB left the record open for the parties to submit proposed findings of fact and conclusions of law. The ZHB did not state that it would take further evidence or hear argument at its December 4, 2003 meeting.

The ZHB contends that on November 18, 2003, counsel for the ZHB, Attorney Christopher W. Hobbs (Hobbs) asked counsel for WeCare, Attorney Ronald J. Karasek (Karasek), and counsel for Reilly Township (Township),[2] Attorney William C. Reiley (Reiley) whether they objected to giving the ZHB an extension of time in which to issue a written decision. (ZHB's Br. at 2–3, 10.) Karasek and Reiley both allegedly consented without reservation. (ZHB's Br. at 3, 10.) WeCare denies that this conversation took place. (WeCare's Br. at 13.)

Following the November 18, 2003 hearing, Hobbs sent a letter to Karasek and Reiley, which stated in relevant part:

As you are aware, the [ZHB] will deliberate and announce its decision regarding WeCare's application for Special Exception at the December 4, 2003 scheduled hearing. Although it is my normal procedure to draft the [ZHB]'s written decision within forty-eight (48) hours of the public announcement, given the voluminous nature of this particular application, I will simply require more

time. I do not want to delay the decision; therefore, I am asking for your indulgence with regard to the actual written decision. I do expect it to be completed and signed by the first meeting in 2004.

(Letter from Hobbs to Karasek and Reiley (December 2, 2003).) Reiley did not reply to the letter.

On December 4, 2003, the ZHB met and announced its decision. At this meeting, the ZHB denied WeCare's application.

On December 9, 2003, Karasek sent a response to Hobbs' letter, which read in relevant part:

As a sequel to your letter of December 2, 2003, this will confirm that I have no objections to you taking more than 48 hours from the public announcement in which to draft the [ZHB]'s decision (provided, of course, that the decision is rendered within the time limits as required by the PA Municipalities Code).

(Letter from Karasek to Hobbs (December 9, 2003).) In his deposition, Karasek stated that he was unsure, but he may have telephoned Hobbs on December 2, 2003, and informed him of his position as he later embodied it in his December 9, 2003 letter. (Karasek Dep. at 11, 26–27.)

The ZHB issued its written decision on January 8, 2004, which was 51 days after the November 18, 2003 hearing and 35 days after the ZHB's December 4, 2003 meeting. On February 2, 2004, WeCare filed a Complaint in an Action in Mandamus demanding that its special exception application be granted. WeCare argued that the ZHB's failure to issue a written decision within 45 days of the November 18, 2003 hearing operated as a deemed approval of its application.

**2.** Township is the municipality in which the biosolids processing facility was to be located. Township opposed WeCare's request.

Following discovery, the trial court granted the ZHB's Cross–Motion for Summary Judgment and denied and dismissed WeCare's Motion for Summary Judgment. The trial court found that the parties had entered into an oral agreement to extend the time period for the ZHB's issuance of a written opinion[3] and that the letters between Karasek and Hobbs of December 2 and December 9, 2003 were consistent with this agreement. Therefore, the trial court reasoned that the letters constituted a written agreement to extend the time period. The trial court also held that WeCare was not eligible to seek equitable relief in the form of mandamus because it came to the court with unclean hands as a result of failing to honor its oral agreement to extend the time period. Finally, the trial court held that mandamus was not appropriate because WeCare had an adequate remedy at law in the form of its pending appeal from the ZHB's decision.

■ WeCare appealed to this Court. This Court affirmed the order of the trial court on the basis of this Court's decisions in *Wistuk v. Lower Mount Bethel Township Zoning Hearing Board,* 887 A.2d 343 (Pa.Cmwlth.2005), *rev'd,* 592 Pa. 419, 925 A.2d 768 (2007) and *Hogan v. Pequea Township Zoning Board,* 162 Pa.Cmwlth. 282, 638 A.2d 464 (1994), *overruled by Wistuk,* 592 Pa. 419, 925 A.2d 768 (2007). WeCare petitioned the Supreme Court for allocator. The Supreme Court stayed We-

Care's petition pending its decision in *Wistuk.* The Supreme Court then granted WeCare's petition, vacated this Court's order, and remanded the matter to this Court for further consideration consistent with *Wistuk.*[4] On remand, WeCare argues that: (1) the December 4, 2003 meeting of the ZHB was not a hearing for the purposes of Section 908(9); (2) it did not agree to extend the time for the ZHB to issue its written decision; and (3) it may seek enforcement of the deemed decision of the Board through an action in mandamus.

■ The first issue in this case is whether the December 4, 2003 meeting of the ZHB was a hearing for the purposes of Section 908(9) of the MPC. The Pennsylvania Supreme Court addressed the issue of when a meeting of a zoning board constitutes a hearing in *Wistuk.* In *Wistuk,* a Lower Mount Bethel Township zoning officer cited a property owner, Jessica Wistuk (Wistuk), for operating a dog kennel without a permit. Wistuk appealed to and sought a special exception and a dimensional variance from the Mount Bethel Township Zoning Hearing Board (Board), which held five hearings, the last of which was on September 30, 2003. At that hearing, the attorney for the Board announced that the record was closed, but that the parties' attorneys could submit briefs, and that the Board would hold a meeting on October 22, 2003, at which it would consid-

---

3. It appears that, despite the fact that the case was before the trial court on cross-motions for summary judgment, the trial court, in granting the ZHB's motion for summary judgment, resolved a question of fact in a manner not most favorable to the nonmoving party.

4. This Court's review of an order granting summary judgment is limited to determining whether the trial court committed an error of law or abuse of discretion. *Metropolitan Edison Co. v. Reading Area Water Authority,* 937 A.2d 1173, 1174 n. 2 (Pa.Cmwlth.2007) (citing

*Pettit v. Namie,* 931 A.2d 790 (Pa.Cmwlth. 2007)). The standard for granting summary judgment is as follows:

Summary judgment is properly granted when, viewing the record in a light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Id.* (citation omitted).

er the case and deliver its decision. The Board's attorney stressed that neither party would be allowed to participate at this meeting, but that the meeting would be solely for the Board's deliberation and decision of the matter. The Board met on October 22, 2003, and denied Wistuk's requests for a variance and a special exception. *Wistuk,* 592 Pa. at 421–23, 925 A.2d at 769–70. In considering whether the Board's October 22, 2003 meeting was a hearing for the purposes of Section 908 of the MPC, the Supreme Court examined Section 908(5), which states that, at hearings, parties must be allowed to present evidence and argument. *Id.* at 431, 925 A.2d at 775. The Supreme Court noted that at the October 22, 2003 meeting, the Board only considered the parties' briefs, and that the Board did not allow the presentation of evidence or argument. *Id.* Therefore, the Supreme Court concluded that the meeting was "convened solely for purposes of deliberation and decision" and was not a hearing. *Id.*

The ZHB argues that the facts of the present case are distinguishable from *Wistuk.* We disagree. As discussed above, in *Wistuk,* the Supreme Court cited Section 908(5) of the MPC and stated that at a hearing, parties are "afforded the opportunity to respond and present evidence and argument and cross-examine adverse witnesses on all relevant issues." *Wistuk,* 592 Pa. at 431, 925 A.2d at 775 (quoting Section 908(5) of the MPC, 53 P.S. § 10908(5)). In *Wistuk,* the Supreme Court held that the October 22, 2003 meeting, convened only for the deliberation and decision of the Board, was not a hearing because there was no opportunity for the parties to present evidence or legal argument. In this case, the ZHB argues that the chairman of the ZHB opened the meeting for comment at the December 4, 2003 meeting and that this was, therefore, an opportunity for legal argument. An exam-

ination of the transcript of this meeting does not support the ZHB's argument.

After a motion was made and seconded to deny WeCare's request, the chairman of the ZHB stated, "Okay. Motion has been made and seconded to deny the request for a special exception of WeCare Organics. Do we have any discussion on this matter?" (ZHB Hr'g Tr. at 2–3, December 4, 2003.) The chairman received no response. (ZHB Hr'g Tr. at 3.) From the context, after a motion had been made and seconded, it appears clear that the invitation for discussion was addressed to the Board, not to the audience. Similarly, after summarizing his views regarding WeCare's application, the following exchange took place:

Mr. Daub [chairman of the ZHB]: . . . .

Do you fellows have any additional comments?

Mr. Chickersky [ZHB member]: I have no comment.

Mr. Zimmerman [ZHB member]: I have none.

Mr. Daub: Okay. The motion has been made and seconded. All those in favor please signify by saying aye.

Mr. Chickersky: Aye.

Mr. Zimmerman: Aye.

Mr. Daub: All opposed say no.

(No response)

Mr. Daub: The motion carries, and the application of WeCare Organics is denied.

(ZHB Hr'g Tr. at 3–4.) Likewise, here, it is evident that the chairman's invitation for additional comment was directed at the other ZHB members, not at the parties or the audience. A reading of the four-page transcript of the ZHB's December 4, 2003 meeting reveals no opportunity for the presentation of evidence or legal argument by the parties. While, in this case, there

was no clear statement by the ZHB or its attorney that participation by the parties would not be permitted at the December 4, 2003 meeting, as there was by the Board's attorney in *Wistuk,* there was a statement by the ZHB chairman at the November 18, 2003 hearing that "[o]ur decision will be announced on Thursday, December the 4th at our zoning board hearing scheduled for that evening prior to the meeting.... That is on Thursday, December the 4th, and that's when we will announce our decision." (ZHB Hr'g Tr. at 442, November 18, 2003.) The chairman's only announcement about the substance of the December 4, 2003 meeting was that the ZHB would announce its decision. The chairman did not state that any participation by the parties would be allowed. In light of the Supreme Court's decision in *Wistuk* and its emphasis on the plain meaning of Section 908, the proper conclusion is that the ZHB's meeting of December 4, 2003, which was convened only to deliberate and announce its decision regarding WeCare's application, was not a hearing for purposes of Section 908(9) of the MPC. Therefore, the last hearing on the matter was on November 18, 2003, and the ZHB's written decision was not issued within 45 days of the final hearing in the matter.

■ The second issue for this Court to consider is whether WeCare agreed to extend the time for the ZHB to issue its written decision. As in the first issue, the Supreme Court's decision in *Wistuk* is again instructive. As discussed above, the Board in *Wistuk* announced that it would hold a meeting on October 22, 2003, for purposes of deliberation and decision only. Although the Board's attorney characterized this meeting as a hearing, Wistuk's attorney did not object to the characterization or the procedure and submitted a timely brief. At the October 22, 2003 meeting, the Board's attorney "made it clear that a written decision would be is-

sued within forty-five days of that date, and the Board issued its written decision on November 28, 2003." *Wistuk,* 592 Pa. at 423, 925 A.2d at 770. As in this case, Wistuk filed an action in mandamus, arguing that, under Section 908(9), because the Board took more than forty-five days to issue its written decision after the final hearing, which Wistuk argued took place on September 30, 2003, the Board was deemed to have approved her requests. The Supreme Court held that, pursuant to the plain meaning of Section 908(9), a party could only waive the forty-five day requirement by an affirmative statement in writing or on the record. The Supreme Court held that, contrary to prior cases such as *Southeastern Chester County Refuse Authority v. Board of Supervisors of London Grove Township,* 916 A.2d 1237 (Pa.Cmwlth.2007) and *Hogan,* "there is no general rule providing that any failure to object to the scheduling of proceedings before zoning hearing boards will result in a waiver of entitlement to a deemed approval...." *Wistuk,* 592 Pa. at 430, 925 A.2d at 774.

The ZHB offers a number of different arguments to support the conclusion that WeCare agreed to extend the 45–day period. The ZHB first argues that, read together, the letters of December 2 and December 9, 2003 constitute a written agreement to extend the 45–day time period. We disagree. Karasek's December 9, 2003 letter speaks for itself. Nowhere in that letter does Karasek consent to extending the 45–day period. The ZHB argues that the references in Hobbs' letter of December 2, 2003 to the December 4, 2003 meeting as a hearing, and the issuance of the ZHB's decision in the first meeting of 2004, should have put Karasek on notice that the ZHB intended to issue its written decision after the 45–day period. Essentially, the ZHB is arguing that,

because WeCare failed to object to its characterization of the December 4, 2003 hearing or its discernable intent to issue the opinion after the 45–day period, We-Care waived its right to a deemed approval. This is exactly the sort of implied waiver argument that the Supreme Court forestalled in *Wistuk.* As discussed above, the Supreme Court, in *Wistuk,* stated that a party could only waive the 45–day period by an affirmative statement in writing or on the record.

Here, while the ZHB claims there was an oral agreement following the November 18, 2003 hearing to extend the 45–day period, this conversation was not on the record. Karasek's December 9, 2003 letter only affirmatively gives Hobbs more than his customary 48 hours following the oral issuance of the ZHB's decision to issue the written decision. The December 9, 2003 letter explicitly reserves WeCare's right to a timely decision under the MPC. Therefore, WeCare never agreed to extend the time to issue a written decision. Because WeCare did not agree to extend the 45–day period, and because the ZHB issued its written decision more than 45 days after the last hearing on WeCare's application, WeCare has a legal right to a deemed approval of its application.

■■■ The final issue before this Court is whether WeCare may seek enforcement of the deemed approval of its application by the ZHB through an action in mandamus. The ZHB's first argument on this issue is that WeCare has an adequate remedy at law and that, therefore, mandamus is not appropriate. "A writ of mandamus is an extraordinary remedy that compels an official's performance of a ministerial act or mandatory duty where there exists a clear legal right in the plaintiff and a corresponding duty in the defendant and where there is no other adequate remedy at law." *Lamar Advertising Co. v. Zoning Hearing Board of Monroeville,* 939 A.2d 994, 999 (Pa.Cmwlth.2007).

We have already determined above that WeCare has a clear legal right to the granting of a deemed approval of its application and that the ZHB has a duty to approve that application. WeCare has appealed the ZHB's decision, and this appeal is still pending in the Court of Common Pleas of Schuylkill County. The ZHB argues that WeCare's pending appeal is an adequate remedy at law. We disagree. This Court has held that, even when a party has a pending land use appeal, such an appeal is not an adequate remedy at law, and the party may still seek recognition of a deemed approval through an action in mandamus. *Foltz v. Monroeville,* 5 Pa.Cmwlth. 304, 290 A.2d 269, 272 (1972); *see also Township of East Taylor v. Spanko,* 128 Pa.Cmwlth. 24, 562 A.2d 962, 964 (1989) ("Initially we note that a deemed approval claim is normally pursued in a mandamus action.").

■■■ The ZHB's second argument on this point is that WeCare comes to the courts with unclean hands and may not, therefore, be allowed the equitable remedy of mandamus. Actions in mandamus are "guided by equitable principles." *Germantown Business Assoc. v. City of Philadelphia,* 111 Pa.Cmwlth. 503, 534 A.2d 553, 555 (1987) (citing *City of Pittsburgh v. Pennsylvania Department of Transportation,* 490 Pa. 264, 269, 416 A.2d 461, 464 (1980)). It is a principle of equity that "any willful act concerning the cause of action which rightfully can be said to transgress equitable standards of conduct is sufficient cause for closing the doors of a court of equity to one tainted with inequitableness." *Giddings v. State Board of Psychology,* 669 A.2d 431, 434–35 (Pa. Cmwlth.1995).

The ZHB argues that Karasek orally agreed to extend the time period for the ZHB to issue its written decision. The ZHB argues that, by making this oral agreement and later disavowing it, We-Care has behaved inequitably and comes to the Court with unclean hands. We agree that if WeCare explicitly orally agreed to extend the time period, thereby allowing the ZHB to believe it had more than the mandated 45 days to issue its written opinion, this would be a "willful act concerning the cause of action which rightfully can be said to transgress equitable standards of conduct [which] is sufficient cause for closing the doors of a court of equity to one tainted with inequitableness." *Giddings.* WeCare, however, argues that it made no such agreement. While the trial court, in its opinion, stated that Karasek *did* orally agree to an extension, we note that this matter was before the trial court on cross-motions for summary judgment prior to trial. On a motion for summary judgment, "[a]ll doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *Metropolitan Edison Co. v. Reading Area Water Authority,* 937 A.2d 1173, 1174 n. 2 (Pa.Cmwlth.2007). The trial court erred, therefore, in assuming prior to the proper juncture for making findings of fact, that Karasek did, in fact, orally agree to an extension.

Accordingly, we must vacate the trial court's order and remand this matter for further proceedings to determine: (1) whether as a matter of fact Karasek, on behalf of WeCare, orally agreed to an extension of time; and (2) if so, whether such actions constitute unclean hands on the part of WeCare so as to bar WeCare from seeking relief in mandamus.

### ORDER

**NOW,** July 16, 2008, the Order of the Court of Common Pleas of Schuylkill County in the above-captioned matter is hereby **VACATED,** and this matter is **RE-MANDED** for further proceedings to determine:

(1) whether as a matter of fact Attorney Karasek, on behalf of WeCare, orally agreed to an extension of time for the Zoning Hearing Board of Schuylkill County to issue its written decision; and

(2) if Attorney Karasek did make an oral agreement on behalf of WeCare, whether such actions constitute unclean hands on the part of WeCare so as to bar WeCare from seeking equitable relief in mandamus.

Jurisdiction relinquished.