The BOARD OF COMMISSIONERS OF the COUNTY OF SCHUYLKILL by and through its members, Mantura M. GALLAGHER, Francis V. McAndrew and Frank J. Staudenmeier

v.

Melinda KANTNER, in her capacity as Controller of the County of Schuylkill, Appellant.

Commonwealth Court of Pennsylvania.

Argued May 10, 2011.

Decided Aug. 15, 2011.

Sudhir Raman Patel, Pottsville, for appellant.

Robert S. Frycklund, Pottsville, for appellees.

BEFORE: LEAVITT, Judge, and BUTLER, Judge, and KELLEY, Senior Judge.

OPINION BY Judge LEAVITT.

Melinda Kantner, Controller of the County of Schuylkill (Controller), appeals an order of the Court of Common Pleas of Schuylkill County (trial court) granting peremptory mandamus to the Commissioners of the County of Schuylkill without an evidentiary hearing. The writ of mandamus directs the Controller to file certain financial reports by October 1, 2010. The Controller argues that peremptory mandamus should not have been granted because there were factual disputes. Specifically, the Controller argues that an evidentiary hearing, if held, would show that the Commissioners' actions made it impossible for the Controller to file timely reports, which made an award of a writ of mandamus improper. Concluding a hearing was needed, we vacate the peremptory mandamus.

On August 23, 2010, the Commissioners filed a two-count mandamus complaint against the Controller. Count I sought to compel the Controller to file certain reports required by Section 1720 of The County Code, 16 P.S. § 1720.[1] Count II sought to compel the Controller to assist the independent auditor, who had been hired by the Commissioners to do an audit of the County.

Count I of the Complaint alleged that on June 9, 2010, the Controller filed a petition to extend the July 1 deadline for filing with the trial court a report for all receipts and expenditures of the County together with a full statement of the financial conditions of the County. The Controller also requested the Department of Community and Economic Development (DCED) to extend the July 1 deadline for reporting on the County's financial condition. These reports (Annual Reports) are required by Section 1720 of the County Code;[2] the

---

1. Act of August 9, 1955, P.L. 323, *as amended,* 16 P.S. § 1720.

2. Section 1720 states:

 The controller shall, at the end of each fiscal year, complete the audit, settlement and adjustment of the accounts of all county officers. *He shall, before the first day of July in every year, make a report, verified by oath or affirmation, to the Court of Common Pleas of said county, of all receipts and expenditures of the county for the preceding year,* in detail, and classified by reference to the object thereof, together with a full statement of the financial conditions of the county. A concise summary of this report shall thereupon be published one time in such newspapers published in said county

Controller requested an extension to November 1, 2010, for filing the Annual Reports. The trial court denied the petition on June 17, 2010, and it denied the Controller's request for reconsideration on July 8, 2010, because the Controller provided no authority for an extension of the statutory time constraints. Likewise, DCED did not grant an extension. When the Controller did not file the Annual Reports on July 1, 2010, the Commissioners filed a complaint in mandamus.

Count II of the Complaint alleged that after considering several proposals, the Commissioners selected L. Samuel Deegan, CPA, in 2009, to audit the County. In order to prepare the 2009 fiscal year audit, Deegan sought financial information from the Controller, who was hostile to Deegan. On August 16, 2010, the Controller cancelled a meeting with Deegan and told him to direct any further communications to her solicitor. By neither filing timely Annual Reports nor providing Deegan with information to complete the 2009

audit, the Controller's actions exposed the County to penalties by the DCED; impeded the next year's budget preparation; jeopardized the County's bond rating; jeopardized federal and state funding; impeded the ability of county taxpayers to review the County's finances; and required the Commissioners to engage the services of additional accountants. The Commissioners requested a writ of mandamus to compel the Controller to provide Deegan the financial information he needed to do the audit.

On August 25, 2010, the Commissioners filed a motion for peremptory mandamus with respect to Count I, and the trial court scheduled oral argument on the motion for September 3, 2010.[3] At argument, the Commissioners argued that the Controller did not understand her duties under the County Code. She was confusing the Annual Reports that she was required to do with the Commissioners' separate audit. They argued that their audit, done under Section 1702(b) of the County Code,[4] was

as the controller may direct.... The controller shall also, *before the first day of July, make an annual report to the Department of Community and Economic Development of the financial condition* of the county, on forms furnished by the Secretary of Community and Economic Development, and subject to the penalties provided in section one thousand seven hundred twenty-one of this act for auditors refusing or neglecting to make similar reports. Within the summary of the auditor's or controller's report, there shall be a notice to the public that the entire text of the report shall be available for public inspection during regular business hours in the office of the auditor or controller.

16 P.S. § 1720 (emphasis added).

3. The Controller filed preliminary objections to the Complaint on September 2, 2010. The trial court did not make a ruling on the preliminary objections until October 1, 2010; by that time peremptory judgment had already been granted as to Count I, which implicitly overruled the preliminary objections to Count

I. As to Count II, the trial court determined an issue remained as to whether or not it could compel the Controller to provide information to the external auditor, but overruled preliminary objections.

4. It provides, in full, as follows:

(a) Subject to the power and duty of the county commissioners to manage and administer the fiscal affairs of the county, the controller shall supervise the fiscal affairs of the county including the accounts and official acts relating thereto of all officers or other persons who shall collect, receive, hold or disburse the public assets of the county. The discretionary powers of the controller shall not be applicable to the management of the fiscal policies of the county commissioners, or to matters not involving the accounts and transactions of officers or other persons of the county. The controller may only refuse to authorize any fiscal transaction which is, by law, subject to his supervision or control where it appears that such transaction is not author-

not a substitute for the Controller's Annual Reports done under Section 1720 of the County Code. Thus, Deegan's audit did not relieve the Controller from filing the Annual Reports. Further, the Commissioners needed the Annual Reports by October 1, 2010, to be able to meet the December 1 deadline for an annual budget. The Commissioners requested that the trial court order the Controller to file the Annual Reports by October 1, 2010.

The Controller countered that peremptory mandamus was not available in light of the factual issues that had to be resolved. First, she noted that she sought the extension of time to file the Annual Reports at the request of the County Administrator and Deegan. The Commissioners were aware of the extension requests and made no objection at the time. Next, the Controller raised past practice. Historically, the County had the Annual Reports prepared by an outside auditor and then, after the Controller's review, filed by the Controller. Given this past practice, the Controller was not able to complete the Annual Reports until Deegan completed his audit. The Controller argued that an evidentiary hearing was needed to establish these facts and whether Deegan's fail-

ure to submit a timely audit was due to the Controller's lack of cooperation or Deegan's own shortcomings.

After oral argument, the trial court granted peremptory mandamus on Count I of the Complaint, ordering the Controller to file the Annual Reports on or before October 1, 2010. On September 7, 2010, the trial court then issued its opinion.

In its opinion, the trial court held that Section 1720 of the County Code imposed a mandatory duty upon the Controller to complete the Annual Reports before July 1, 2010, and that the Controller's past practice of using the outside auditor's report could not amend the requirement in Section 1720 of the County Code. Similarly, the Controller's duty was not contingent upon the assistance of an outside auditor. The trial court found that the only fact material to the case, *i.e.*, the need to file Annual Reports by July 1, 2010, was not in dispute. Accordingly, the trial court granted the Commissioners peremptory mandamus with respect to Count I of the Complaint. The Controller appealed.

 On appeal, the Controller raises one issue.[5] She argues that the trial court

---

ized by law, or has not been undertaken according to law, or has not received approval according to law, or as to which he desires upon reasonable grounds to investigate for or has already discovered any fraud, flagrant abuse of public office or any criminal act or neglect of any officer or other person of the county relating to their public accounts and transactions. He may at any time require from any such officers or other persons, in writing, an account of all assets which may have come into their control. Immediately, on the discovery of any default or delinquency, he shall report the same to the commissioners and to the district attorney of the county for such prosecution as may be warranted, and shall take immediate measures to secure the public assets.

(b) Pursuant to subsection (a), *the county commissioners may, for the purpose of meeting Federal or State requirements, contract with or employ an independent certified public accountant* or public accountant *for the purpose of preparing or conducting a report or audit of the fiscal affairs of the county,* independent of and/or in addition to, that conducted by the county controller or auditors. Such contracts shall be discussed with the controller prior to execution, and the controller shall be afforded an opportunity to comment.

16 P.S. § 1702 (emphasis added).

5. Our scope of review of an order granting mandamus is limited to a determination of whether the trial court abused its discretion. *Salem Township Municipal Authority v. Town-*

abused its discretion in granting peremptory mandamus without first holding a hearing on the factual questions raised by the Controller in her defense. In effect, the Controller argues that impossibility of performance is a defense to a mandamus action.

 A writ of mandamus is an extraordinary remedy which seeks to compel official performance of a ministerial act or mandatory duty. *Rosario v. Beard,* 920 A.2d 931, 934 (Pa.Cmwlth.2007). A writ of mandamus may be issued only where there is a clear legal right to relief in the plaintiff, a corresponding duty in the defendant and a lack of any other appropriate or adequate remedy. *McGill v. Pennsylvania Department of Health, Office of Drug and Alcohol Programs,* 758 A.2d 268, 270 (Pa.Cmwlth.2000).

The Pennsylvania Rules of Civil Procedure permit the entry of peremptory mandamus as follows:

> At any time after the filing of the complaint, the court may enter judgment if the right of the plaintiff thereto is clear. Judgment shall not be entered without prior notice to all parties unless the exigency of the case is such as to require action before notice, in which event notice shall be given as soon as possible.

PA. R.C.P. No. 1098. When considering whether or not to grant peremptory mandamus, the Court is to "use the same standard which governs the disposition of summary judgment motions." *Salem Township Municipal Authority,* 820 A.2d at 892. Thus, judgment as a matter of law is appropriate if "there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report...." Pa. R.C.P. No. 1035.2(1). "A fact is material if it

directly affects the disposition of a case." *Mann v. City of Philadelphia,* 128 Pa. Cmwlth. 499, 563 A.2d 1284, 1286 (1989).

The Controller argues that there are material facts at issue. She lists them as follows: (1) whether it was the past practice to have the outside auditor prepare the Annual Reports; (2) whether the County Administrator and Deegan requested the Controller to seek extensions of time to complete the Annual Reports; (3) whether the Commissioners objected to her requests for extensions of time; (4) whether the Controller failed to cooperate with Deegan; (5) whether Deegan was contractually obligated to prepare the Annual Reports for the Controller's review and filing; (6) whether the Controller has the software needed to prepare the DCED report; (7) whether personnel cuts in the Controller's office, made by the Commissioners, impeded the Controller from completing the Annual Reports; (8) whether the failure to file the Annual Reports in a timely manner was caused by Deegan; (9) whether other counties have sought and received extensions of time to file annual reports; and (10) whether the Commissioners were able to prepare a budget without the Annual Reports.

The Commissioners counter that the facts raised by the Controller are not material to the Controller's statutory obligation to file the Annual Reports on July 1; the actions or inactions of the Commissioners are irrelevant. Section 1720 of the County Code requires the Controller to file the Annual Reports before July 1 of each year, and the Controller offered only excuses, not legally cognizable reasons, to miss that statutory deadline. Additionally, the Commissioners note that the Controller did, in fact, file the Annual Reports on October 1, 2010. Certified Record Exhibit

*ship of Salem,* 820 A.2d 888, 892 (Pa.Cmwlth. 2003).

# 14A (C.R. _____). Because the Controller complied with the trial court's order, they argue that the Controller's appeal is now moot.

 Section 1720 of the County Code unquestionably requires that the Controller "shall" furnish the Annual Reports "before the first day of July." 16 P.S. § 1720. However, mandamus requires more than a statutory duty. The grant of a writ of mandamus is discretionary with the court, which is to be "guided by equitable principles." *WeCare Organics, LLC v. Zoning Hearing Board of Schuylkill County,* 954 A.2d 684, 691 (Pa.Cmwlth.2008). One such principle that can be raised as a defense is the doctrine of "unclean hands." *Id.* at 691–92. In *WeCare Organics,* this court held that conduct that "can be said to transgress equitable standards of conduct" will bar that party from a writ of mandamus just as it bars equitable relief. *Id.* at 691 (quoting *Giddings v. State Board of Psychology,* 669 A.2d 431, 434 (Pa.Cmwlth. 1995)).

The Controller asserts that, consistent with past practice, the Commissioners contracted with Deegan to prepare the Annual Reports. Although past practice cannot trump the Controller's statutory duty, it does raise the issue of whether the Commissioners can hire a third party to prepare the Annual Reports, as alleged by the Controller, and then, when the reports are not done timely, bring a mandamus action against the Controller.

Additionally, a complainant bringing an action in mandamus must not only establish that defendant has a duty to perform the act, but show there was "a refusal to perform it." Pa. R.C.P No. 1095(3); *See also Bruhin v. Kassab,* 12 Pa.Cmwlth. 455, 317 A.2d 58, 60 (1974) (an element of mandamus is defendant's refusal to perform the mandatory act). Here, the Controller argues that she never refused to perform the act. Instead, she believed the Commissioners had hired Deegan to do the work and, further, her office lacked the staffing and software necessary to complete the Annual Reports. A corollary to whether the Controller refused to perform her statutory duty is her defense of impossibility. In *Cabell v. City of Hazleton,* 96 Pa.Cmwlth. 129, 506 A.2d 1001, 1003 (1986), we explained that defenses to an action in mandamus follow those in a civil action, including the affirmative defense of "impossibility of performance." *Id.* at 1003–04 (citing Pa. R.C.P. No. 1030).

In sum, there are several material issues of fact that must be addressed by the trial court in an evidentiary hearing. It must be determined (1) whether the doctrine of unclean hands applies; (2) whether the Controller ever refused to complete the Annual Reports; (3) whether it was impossible for her to complete the work with the resources provided to her by the Commissioners; and (4) whether the way in which the Annual Reports are to be prepared implicates a discretionary act, as opposed to a ministerial duty.

█ The Commissioners argue that the Controller's appeal should be dismissed because it is moot. They note that the Controller filed the Annual Reports on October 1, 2010, as required by the peremptory mandamus. Therefore, a hearing on why the Annual Reports were not filed on July 1, 2010, is an exercise in futility.

█ The Commissioners are correct that the "courts generally will not decide a moot case because the law requires the existence of an actual controversy." *Association of Pennsylvania State College and University Faculties v. Pennsylvania Labor Relations Board,* 607 Pa. 461, 470, 8 A.3d 300, 305 (2010). However, there are two exceptions to this rule: where the issue presented is (1) one of great public

importance or (2) one capable of repetition yet evading review. *Id.*

The Controller argues that she will face the same dilemma each July 1 if the Commissioners again deny her the resources needed to do the Annual Reports. Therefore, the question of whether it is the Controller or the Commissioners that should be ordered to act will be repeated each year but in all likelihood resolved before appellate review can be obtained. The Commissioners respond that it does not serve the public interest to conduct an evidentiary hearing on why the Controller did not meet the statutory deadline.

We agree that these questions will repeat annually and may evade review so long as the Controller manages to file the Annual Reports before appellate review can be completed.[6] We agree that a record is needed in order to determine whether the Controller has a cognizable defense to the Commissioners' mandamus action. There is no question that July 1 is the deadline for filing the Annual Reports, but a writ of mandamus that simply repeats what is stated in the County Code is a meaningless writ. A record is needed to explain why the Controller failed to meet the deadline in order to determine whether she has a viable defense to the Commissioners' mandamus action.

Accordingly, the peremptory mandamus of the trial court is vacated, and the matter is remanded to the trial court to hold an evidentiary hearing on whether the writ of mandamus requested by the Commissioners should be granted.

### ORDER

AND NOW, this 15th day of August, 2011, the order of the Schuylkill County Court of Common Pleas, dated September 3, 2010, is VACATED and the matter is REMANDED for an evidentiary hearing in accordance with the attached opinion.

Jurisdiction relinquished.

---

**6.** The Controller's office used an outside agency to complete the Annual Reports. The annual reports were completed by Maillie, Falconiero & Company, LLP. C.R. Exhibit # 14A.