GIBRALTAR ROCK, INC. and Sahara
Sand, Inc., Appellants

v.

NEW HANOVER TOWNSHIP
ZONING HEARING
BOARD.

Commonwealth Court of Pennsylvania.

Argued Oct. 15, 2012.

Decided April 22, 2013.

Stephen B. Harris, Warrington, for appellants.

Robert L. Brant, Jr., and Wendy F. McKenna, Trappe, for appellee New Hanover Township.

Edward A. Skypala, Pottstown, for appellee New Hanover Township Zoning Hearing Board.

Rowan C. Keenan, Collegeville, for appellees Barry Stevens, Carol Stevens, John Auman and Geraldine Auman.

BEFORE: PELLEGRINI, President Judge, SIMPSON, Judge, and LEAVITT, Judge.

OPINION BY Judge LEAVITT.

Gibraltar Rock, Inc. and Sahara Sand, Inc. (collectively, Landowners) appeal an order of the Court of Common Pleas of Montgomery County (trial court) denying their request for a deemed approval of their application to operate a quarry. In their 2007 application for a zoning permit, Landowners brought a procedural challenge to the current Zoning Ordinance of New Hanover Township and a substantive challenge to the former version of the Zoning Ordinance. Because the New Hanover Township Zoning Hearing Board (Zoning Hearing Board) did not issue a written decision on their application within 45 days of the last Board hearing, Landowners filed a mandamus action to have their application for a zoning permit deemed approved. The trial court dismissed Landowners' mandamus complaint for the stated reason that the Board issued its written decision in a timely manner and that Landowners' 2007 permit application was barred by Gibraltar Rock's prior zoning applications that raised the same issues. We affirm, albeit on grounds other than those relied upon by the trial court.

Landowners' effort to develop a quarry on some or all of their land has a long history. The land in question consists of 157 acres in the Township that is owned by Gibraltar Rock; 50 acres in which Gibraltar Rock has an equitable interest; and 51 acres titled to Sahara Sand. Gibraltar Rock seeks to open a stone quarry on its land and has an agreement to open a quarry on Sahara Sand's land. The three parcels of land are located in the Light Industrial (LI) district; the Heavy Industrial (HI) district; and the Residential Modified district (R–2M).

Prior to October 2001, the Township's Zoning Ordinance did not authorize, or limit, quarrying in any zoning district. However, in October 2001, the Township enacted Ordinance 01–6 to amend the Zoning Ordinance to permit quarrying in the Heavy Industrial District by special exception. Landowners have challenged the validity of the Zoning Ordinance, in both its pre–2001 and current versions so that they can operate a quarry on all of their land, in all three zoning districts. They contend that their quarrying proposals are subject to regulation only by the Department of Environmental Protection (DEP) in accor-

dance with the Noncoal Surface Mining Conservation and Reclamation Act.[1]

In March 2001, Gibraltar Rock filed the first zoning application, and it challenged the substantive validity of the Zoning Ordinance on the grounds that it imposed unconstitutional *de jure* and *de facto* exclusions on quarrying. Accordingly, Gibraltar Rock requested permission to operate a quarry either by reason of its substantive validity challenge or by special exception. While the 2001 application was pending, the Township amended the Zoning Ordinance to permit quarrying in the Heavy Industrial District.

In January 2003, before its 2001 application was decided, Gibraltar Rock filed a second application to operate a quarry on the parcels of land covered in the 2001 application and on a new parcel, namely 23 acres of land it had recently acquired. The 2003 application challenged the substantive validity of Ordinance 01–6, which had amended the Zoning Ordinance in October of 2001. Gibraltar Rock sought a permit to quarry on the basis of its substantive validity challenge to Ordinance 01–6 or, in the alternative, a special exception.

In June 2007, after holding 67 hearings, the Zoning Hearing Board ruled on Gibraltar Rock's 2001 application. It rejected the substantive validity challenge to the Zoning Ordinance because it found that the ordinance allowed for the reasonable development of minerals in the Township. It granted Gibraltar Rock's request for a special exception with respect to its land located in the Heavy Industrial District and imposed a number of conditions. Gibraltar Rock appealed, and the trial court struck some of the conditions. Otherwise, it affirmed the Zoning Hearing Board's decision.[2]

In January 2010, after holding 51 hearings, the Zoning Hearing Board ruled on Gibraltar Rock's 2003 application. It rejected the substantive validity challenge to Ordinance 01–6 and granted Gibraltar Rock a special exception to operate a quarry on that part of its land that was located in the Heavy Industrial District, subject to the same conditions imposed on the 2001 application. Gibraltar Rock and the Township appealed to the trial court, where these appeals remain pending.

In December 2007, Landowners filed a third application to operate a quarry on the land covered by the 2001 and 2003 applications and, for the first time, on the 50 acres of land owned by Sahara Sand. The 2007 application brought a procedural challenge to Ordinance 01–6 and a substantive challenge to the pre–2001 version of the Zoning Ordinance. Because of alleged procedural defects in Ordinance 01–6, Landowners contended that the ordinance was void *ab initio*;[3] that the pre–2001 version of the Zoning Ordinance unconstitutionally excluded quarries in the Township; and that their proposed quarry operations were subject only to the Noncoal Surface Mining Conservation and Reclamation Act.[4]

---

1. Act of December 19, 1984, P.L. 1093, *as amended*, 52 P.S. §§ 3301–3326.

2. Gibraltar Rock's appeal is currently pending before this Court at docket number 2287 C.D.2011.

3. Landowners alleged that the Township failed to submit a copy of proposed Ordinance 01–6 to the Montgomery County Planning Commission at least 30 days prior to the hearing to adopt the ordinance; failed to provide a copy to a newspaper and county law library; and failed to give required public notice of the adoption of Ordinance 01–6.

4. Landowners also challenged all provisions of the pre–2001 Zoning Ordinance purporting to regulate quarrying operations as being preempted by the Noncoal Surface Mining

On July 2, 2009, the Zoning Hearing Board conducted a hearing on the 2007 application.[5] Neighboring landowners (Neighbors) moved to dismiss Landowners' 2007 application on grounds that the application's substantive challenge to the pre–2001 version of the Zoning Ordinance was the same as that lodged by Gibraltar Rock in its 2001 application. That substantive validity challenge was awaiting a decision by the trial court. Neighbors argued that the Pennsylvania Municipalities Planning Code (MPC)[6] bars serial substantive validity challenges to a zoning ordinance by the same landowner. The Zoning Hearing Board reserved ruling on the motion, stating that it would give Landowners an opportunity to respond to Neighbors' motion in writing prior to the next hearing.

The Zoning Hearing Board then moved on to hear evidence from Landowners in support of their 2007 application. They presented testimony from Uday Patankar, Gibraltar Rock's Vice President in charge of Environmental and Public Affairs. Patankar described the property and the proposed quarry. On questioning, he acknowledged that the substantive validity challenge Landowners raised in their 2007 application was identical to that brought in Gibraltar Rock's 2001 application. Reproduced Record at 56a (R.R. ____); Notes of Testimony (N.T. ____), July 2, 2009, at 77. Landowners then offered several exhibits into evidence and reserved the right to submit Exhibit Q–6, Landowners' DEP surface mining permit, at the next hearing. Because of the late hour, the Zoning Hearing Board continued the hearing to another date, explaining that it would consider

Neighbors' motion to dismiss at the next hearing date and that should the motion to dismiss be denied, then it would hear additional evidence. Landowners stated that they intended to introduce testimony from their planner, Ken Amey.

On September 3, 2009, the Zoning Hearing Board resumed the hearing continued in July. At the outset, the Board granted Neighbors' motion to dismiss Landowners' 2007 application for the stated reason that its substantive validity challenge to the pre–2001 version of the Zoning Ordinance was barred because that identical issue was pending with the trial court. Landowners' counsel then offered Exhibit Q–6 into evidence as "a housekeeping matter" and asked the Zoning Hearing Board to "end this hearing." R.R. 69a; N.T., September 3, 2009, at 5, 8. The Zoning Hearing Board took no further evidence on Landowners' substantive challenge to the pre–2001 version of the Zoning Ordinance and no evidence at all on their procedural validity challenge to Ordinance 01–6. The Zoning Hearing Board stated that it would render a formal written order within 45 days and adjourned the meeting. On September 30, 2009, the Zoning Hearing Board issued a written decision dismissing the 2007 application for the stated reason that the substantive validity challenge it raised was pending with the trial court. Landowners then pursued two courses of action.

First, on October 2, 2009, Landowners filed a land use appeal with the trial court. They argued that the Zoning Hearing Board erred in dismissing their 2007 application because it covered a parcel of land

---

Conservation and Reclamation Act and challenged a fee provided for in the Township's Subdivision and Land Development Ordinance. However, Landowners subsequently withdrew those challenges.

5. Two prior hearings were held but they are not relevant to this case.

6. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101–11202.

not covered in the 2001 application, namely the 50 acres owned by Sahara Sand. Further, Sahara Sand was not a party to either the 2001 or 2003 application. They also argued that the Zoning Hearing Board erred in dismissing the procedural challenge to Ordinance 01–6 without taking evidence.

Second, in April 2010, Landowners filed a complaint in mandamus seeking a deemed approval of the 2007 application because the Zoning Hearing Board did not issue a written decision within 45 days of July 2, 2009, the date of the last hearing on their 2007 application. Section 908(9) of the MPC states, in relevant part, as follows:

> The board or the hearing officer, as the case may be, *shall render a written decision or, when no decision is called for, make written findings on the application within 45 days after the last hearing before the board* or hearing officer.... Except for challenges filed under section 916.1 [substantive validity challenges] where the board fails to render the decision within the period required by this subsection ... the decision shall be deemed to have been rendered in favor of the applicant unless the applicant has agreed in writing or on the record to an extension of time.

53 P.S. § 10908(9) (emphasis added). Both the Township and Neighbors were granted permission to intervene in the mandamus action.

In February 2011, the trial court ruled on Landowners' appeal of the Zoning Hearing Board's dismissal of their 2007 application. It affirmed the Board's conclusion that Section 916.1(i) of the MPC barred Landowners' 2007 application because it raised the same substantive validity challenge raised in Gibraltar Rock's 2001 application. Section 916.1, which was

added by the Act of December 21, 1988, P.L. 1329, states, in relevant part, as follows:

> (i) A landowner who has challenged on substantive grounds the validity of a zoning ordinance ... *shall not submit any additional substantive challenges involving the same parcel, group of parcels or part thereof until such time as the status of the landowner's original challenge has been finally determined or withdrawn:* Provided, however, That if after the date of the landowner's original challenge the municipality adopts a substantially new or different zoning ordinance or zoning map, the landowner may file a second substantive challenge to the new or different zoning ordinance....

53 P.S. § 10916.1(i) (emphasis added). The fact that the 2007 application involved parcels of land not covered in the 2001 and 2003 applications was held to be of no moment. Section 916.1(i) bars challenges involving the "same parcel, group of parcels or part thereof," and the 2001 and 2007 applications covered the "same parcel, group of parcels or part thereof." Because Landowners could not secure their desired outcome even if they succeeded on the procedural validity challenge to Ordinance 01–6, the trial court concluded that complete dismissal of all of Landowners' 2007 application was appropriate.

Landowners appealed the trial court's decision to this Court. *See In Re: Appeal of Gibraltar Rock, Inc. and Sahara Sand, Inc.*, 47 A.3d 1284 (Pa.Cmwlth., No. 452 C.D.2011, filed July 18, 2012), *petition for allowance of appeal denied*, —— Pa. ——, 64 A.3d 633 (No. 628 MAL 2012, filed April 10, 2013). We affirmed the dismissal of Landowners' 2007 substantive validity challenge to the pre–2001 version of the Zoning Ordinance as barred by Section

916.1(i) of the MPC.[7] However, we agreed that Landowners' procedural challenge to Ordinance 01–6 in their 2007 application was new and not affected by Section 916.1(i). Noting that courts of common pleas, not zoning hearing boards, now handle procedural challenges to ordinances, we remanded the matter to the trial court.[8] We instructed the trial court "to conduct such proceedings as are necessary to determine the procedural challenge to Ordinance 01–6" because "[a]s circular as [Landowners'] procedural challenge may be, [Landowners] have chosen to pursue it, and they have that right." *In Re: Appeal of Gibraltar Rock, Inc. and Sahara Sand, Inc.*, slip op. at 17. Indeed, the procedural challenge, if successful, would eliminate the requirement in the Zoning Ordinance that quarrying be limited to the Heavy Industrial District.

With respect to Landowners' mandamus action, the parties submitted a stipulation of facts and presented oral argument to the trial court in October 2011. On February 27, 2012, the trial court dismissed Landowners' mandamus complaint. The trial court held that Landowners' substantive validity challenge to the pre–2001 version of the Zoning Ordinance was barred by Section 916.1(i) of the MPC. It also held that Landowners' procedural challenge to Ordinance 01–6 was time-barred because it was not brought within 30 days of the effective date of an ordinance, as required by statute.[9] Finally, it held that because Landowners had no right even to file their 2007 application, it was void *ab initio* and "must be treated as if it were never filed." Trial Court Opinion at 5. In the alternative, the trial court found that by submitting an exhibit at the hearing on September 3, 2009, Landowners: (1) transformed that proceeding into a hearing making the Zoning Hearing Board's September 30, 2009, written decision timely; or (2) at least waived their right to assert a deemed approval. Landowners' present appeal followed.[10]

Landowners argue that the trial court erred in two ways. First, the trial court erred in concluding that Landowners' 2007 application was void *ab initio*, placing it beyond the need for the Zoning Hearing Board to act upon their application in a timely manner. Second, the trial court erred in concluding that by submitting a previously marked exhibit at the September 3, 2009, proceeding, Landowners had transformed that meeting into a hearing for purposes of calculating the 45 days given to the Zoning Hearing Board to issue a written decision.

---

7. We noted that had Sahara Sand submitted its own application on its separate parcel of land, Section 916.1(i) of the MPC would be irrelevant, and Sahara Sand would have been able to pursue its own separate challenge.

8. Section 5571.1(a) of the Judicial Code, enacted on July 4, 2008, states as follows:
   (a) Applicability; court of common pleas.—
   (1) This section shall apply to any appeal raising questions relating to an alleged defect in the process of or procedure for enactment or adoption of any ordinance, resolution, map or similar action of a political subdivision.
   (2) An appeal pursuant to this section shall be to the court of common pleas.

42 Pa.C.S. § 5571.1(a).

9. The trial court cited Section 909.1(a)(2) of the MPC, which was added by the Act of December 21, 1988, P.L. 1329, formerly 53 P.S. § 10909.1(a)(2). However, Section 909.1(a)(2) was repealed by the Act of July 4, 2008, P.L. 319, § 3 and replaced with Section 5571.1 of the Judicial Code.

10. Our review in a mandamus action is to determine whether the trial court abused its discretion or committed an error of law. *Lamar Advertising Company v. Zoning Hearing Board of the Municipality of Monroeville*, 939 A.2d 994, 998 n. 4 (Pa.Cmwlth.2007).

A writ of mandamus seeks to compel official performance of a ministerial act or mandatory duty and will be issued where there is a clear legal right to relief in the plaintiff, a corresponding duty in the defendant and a lack of any other appropriate or adequate remedy. *Board of Commissioners of the County of Schuylkill v. Kantner,* 26 A.3d 1245, 1249 (Pa. Cmwlth.2011). A mandamus action is the proper vehicle to force the issuance of a zoning permit that has been deemed approved because the zoning hearing board has not met the 45–day deadline. *WeCare Organics, LLC v. Zoning Hearing Board of Schuylkill County,* 954 A.2d 684, 691 (Pa.Cmwlth.2008). The merits of the application are irrelevant; a board's inaction will subject it to a writ of mandamus ordering a deemed decision. *Borough of Monroeville v. Foltz,* 5 Pa.Cmwlth. 304, 290 A.2d 269, 272 (1972).

In their first issue, Landowners argue that the trial court erred in concluding that Landowners' 2007 application was void *ab initio* and, thus, beyond the reach of Section 908(9) of the MPC. Landowners argue that the merits of a land use application are irrelevant where a landowner seeks relief under Section 908(9) of the MPC. They contend that the Zoning Hearing Board *did* hold a hearing and, thus, the only relevant consideration in this case is the date of the last hearing. If the written decision came more than 45 days after the last day of the hearing, then Landowners are entitled to a deemed decision on both the substantive validity challenge and the procedural validity challenge to the Zoning Ordinance.

The Zoning Hearing Board rejoins that Landowners are not entitled to a deemed decision because Section 916.1(i) of the MPC prohibits serial substantive validity challenges. As for the procedural validity challenge, the Zoning Hearing Board argues that there can be no deemed approval because Landowners brought their challenge too late; accordingly, the Zoning Hearing Board lacked jurisdiction to consider their procedural validity challenge. Intervenors, Neighbors and the Township, argue that the trial court got it right. The procedural and substantive challenges in the 2007 application are intertwined and cannot be separated. Further, because the Zoning Hearing Board lacks jurisdiction over a procedural challenge to Ordinance 01–6, there can be no deemed approval of that challenge.

Section 908(9) of the MPC requires a written decision within 45 days after a zoning hearing board's last day of hearing, or a deemed decision will result. It states, in relevant part, as follows:

> The board or the hearing officer, as the case may be, shall render a written decision or, when no decision is called for, make written findings on the application within 45 days after the last hearing before the board or hearing officer.... *Except for [substantive validity] challenges filed under section 916.1* where the board fails to render the decision within the period required by this subsection ... *the decision shall be deemed to have been rendered in favor of the applicant* unless the applicant has agreed in writing or on the record to an extension of time.

53 P.S. § 10908(9) (emphasis added). Section 916.1(f)(4) of the MPC provides that a substantive validity challenge to an ordinance will be deemed *denied* when "the zoning hearing board ... fails to act on the request 45 days after the close of the last hearing on the request." 53 P.S. § 10916.1(f)(4). Stated otherwise, a zoning hearing board's failure to issue a written decision within 45 days of the last hearing date will result in a deemed approval of the land use application except where the

application raises a substantive validity challenge to the zoning ordinance. In that case, the application is deemed denied.

■ The purpose of a deemed decision is to ensure the "orderly disposition of pending governmental matters ... [lest a board] effectively prevent the erection of needed structures through the simple process of luxurious lolling while spiders of inattention spin webs of indifference over pending public problems." *Foltz*, 290 A.2d at 271 (quoting *Humble Oil and Refining Company v. Borough of East Lansdowne*, 424 Pa. 309, 314, 227 A.2d 664, 666 (1967)). Because deemed decisions are exceptional, "this Court is alert for gamesmanship which allows for the disposition of cases on timing issues rather than substantive grounds." *Nextel Partners, Inc. v. Clarks Summit Borough/Clarks Summit Borough Council*, 958 A.2d 587, 591 (Pa.Cmwlth. 2008). Nevertheless, a landowner may file a mandamus action to establish a deemed decision while simultaneously pursuing a land use appeal. *WeCare Organics*, 954 A.2d at 691. This is because a land use appeal challenges the content of a decision while a mandamus action seeking a deemed decision challenges the board's "failure to render a decision within the proper period of time." *Foltz*, 290 A.2d at 272.

Landowners contend that the trial court improperly dismissed their mandamus complaint on the merits of their application rather than on the basis of whether the Zoning Hearing Board's decision was timely rendered. Section 916.1(i) of the MPC provides that a landowner who has challenged the substantive validity of a zoning ordinance "*shall not submit any additional substantive challenges.*" 53 P.S. § 10916.1(i) (emphasis added). In other words, Section 916.1(i), if applicable, gave the trial court a basis to deny Landowners' appeal of their 2007 application but is oth-erwise irrelevant to their mandamus action.

The Intervenors and Zoning Hearing Board argue that an application that cannot be filed in the first place cannot be deemed approved. Otherwise, landowners will simply file serial challenges until they ultimately receive a deemed decision on a technicality. This may be true, but a landowner whose application involves a substantive validity challenge will never get a deemed approval, only a deemed denial. A deemed denial has value because the landowner will be able to move the land use application along and present his case to a court of law. At that point, the court can decide whether a land use application offends Section 916.1(i) of the MPC because it raises a substantive validity challenge identical to one previously raised for the same parcel of land. If so, the trial court can affirm the deemed denial.

■ As a matter of statutory construction, we are required to give effect to all provisions in a statute. 1 Pa.C.S. § 1921(a); *Commonwealth v. Gilmour Manufacturing Company*, 573 Pa. 143, 149, 822 A.2d 676, 679 (2003). We must give effect to both Section 916.1(i) of the MPC and Section 908(9) of the MPC. Accordingly, a written decision on every land use application must be given within 45 days of the last day of a zoning hearing board hearing. This is true even for those applications that are believed to offend Section 916.1(i) of the MPC. The trial court erred in reasoning otherwise.

■ Nevertheless, Section 908(9) does not give Landowners a home run. Under Section 916.1, the best Landowners can receive is a deemed denial. This is because their application raises a substantive validity challenge to the pre–2001 version

of the Zoning Ordinance.[11] Under Section 908(9) of the MPC, a landowner can receive a deemed denial, but not a deemed approval, if the zoning hearing board does not issue a written decision within 45 days of the last day of hearing.

Further, the purpose of mandatory time limits is to "protect an applicant from dilatory conduct by the municipality." *Nextel Partners*, 958 A.2d at 593. A deemed decision is not appropriate where a written decision is rendered late or not at all because of "confusion or delay caused by Applicant." *Id.* Here, there was confusion caused by Landowners. They submitted documentary evidence at the September 3, 2009, hearing and asked the Board to "end this hearing" after it voted to dismiss Landowners' 2007 application. R.R. 69a; N.T., September 3, 2009, at 8. In short, Landowners did not prove the last day of the hearing was July 2, 2009.

Landowners' 2007 application raised a procedural validity challenge to Ordinance 01–6 to which Section 916.1(i) has no application. However, after the Zoning Hearing Board dismissed Landowners' 2007 application at the September 3, 2009, meeting, Landowners did not protest that their procedural validity challenge was not affected by Section 916.1(i) of the MPC and did not attempt to offer evidence on that challenge. They may have waived their right to pursue their procedural validity challenge.

In any case, a deemed approval of their procedural validity challenge would conflict with this Court's remand of that challenge to the trial court "to conduct such proceedings as are necessary to determine the procedural challenge to Ordinance 01–6." *In Re: Appeal of Gibraltar Rock, Inc. and*

*Sahara Sand, Inc.,* slip op. at 17. Further, notice of a deemed approval must be given to the public to allow interested persons to appeal to the trial court. *Nextel Partners,* 958 A.2d at 596. In the event of an appeal, a trial court must hear the matter *de novo* and render its own findings of fact and conclusions of law. *DeSantis v. Zoning Hearing Board of the City of Aliquippa,* 53 A.3d 959, 962 (Pa. Cmwlth.2012). In other words, a deemed approval of Landowners' procedural validity challenge would place Landowners precisely where they already are, that is, before the trial court for a *de novo* hearing and a decision on the merits.

For all these reasons, the order of the trial court dismissing Landowners' complaint in mandamus is affirmed.

### ORDER

AND NOW, this 22nd day of April, 2013, the order of the Court of Common Pleas of Montgomery County dated February 27, 2012, in the above-captioned matter is hereby AFFIRMED.

11. Notably, that challenge has been already presented to and decided by the trial court and will serve as binding precedent on the substantive validity of the Zoning Ordinance, even for different parties.