IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bruce L. Wishnefsky,            :
          Petitioner     :
                         :
       v.               :
                         :
Pennsylvania Department    :
of Corrections,           :  No. 476 C.D. 2020
          Respondent   :  Submitted: September 25, 2020

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge[1]
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON        FILED: February 3, 2021

        Bruce L. Wishnefsky (Requester) petitions for review of the April 2, 2020 final determination of the Pennsylvania Office of Open Records (OOR)[2] dismissing as moot Requester's appeal from the denial of his records request by the Pennsylvania Department of Corrections (Department) due to the Department's

---

[1] This case was assigned to the opinion writer before January 4, 2021, when Judge Leavitt completed her term as President Judge.

[2] Although Bruce L. Wishnefsky (Requester) petitioned for review of the OOR's April 2, 2020 final determination on May 8, 2020, his petition is timely in light of this Court's order pertaining to COVID-19, pursuant to which appeals due between May 1, 2020 and May 8, 2020 were deemed timely when filed by May 11, 2020. *See* Cmwlth. Ct. Admin. Order, 126 M.D. 3, filed April 30, 2020 ("legal papers or pleadings which are required to be filed with this Court between May 1, 2020, and May 8, 2020, shall be deemed to have been filed timely if they are filed by May 11, 2020, unless otherwise ordered in individual cases").

subsequent production of the requested records, and further petitions for review of the OOR's April 28, 2020 denial of his request for reconsideration of its final determination. Upon review, we affirm.[3]

On February 12, 2020, Requester, an inmate at State Correctional Institution at Laurel Highlands, submitted a Right-to-Know Law (RTKL)[4] request (February Request) to the Department, seeking "the rest of the record provided in RTKL [request] #1463-19 captioned Time to Process Mail – First Year of Contract (9/5/18 to 9/5/19) . . . ." Certified Record (C.R.), Item No. 5, OOR Final Determination (Final Determination) at 1. The Department initially denied the February Request, citing Requester's failure to pay $3.20 in outstanding fees for records provided pursuant to a prior RTKL request seeking information regarding the Department's policy concerning access to mental health care (health care policy request).[5] *Id.* (citing *Dep't of Transp. v. Drack*, 42 A.3d 355, 363 (Pa. Cmwlth.

[3] Requester additionally petitions for review of the OOR's April 28, 2020 denial of his request for reconsideration, albeit in the same pleading. *See* Petition for Review at 1-2, ¶ 5; *see also Van Duser v. Unemployment Comp. Bd. of Rev.*, 642 A.2d 544, 548 (Pa. Cmwlth. 1994) (holding that "[w]hile Pennsylvania courts have disapproved the taking of one appeal from multiple orders, the courts have been reluctant to quash"). However, in light of our affirmance of the OOR's dismissal of Requester's appeal as moot, we need not address Requester's appeal from the OOR's denial of reconsideration. Further, we note that, despite identifying the OOR's April 28, 2020 denial of reconsideration in the 'Orders Appealed From' and 'Questions Presented for Review' portions of his appellate brief, *see* Requester's Brief at 1, Requester fails to develop any argument pertaining to the OOR's denial. We are consequently unable to conduct a meaningful review of that argument, and it is waived. *See In re Tax Claim Bureau of Lehigh Cnty. 2012 Judicial Tax Sale*, 107 A.3d 853, 857 n.5 (Pa. Cmwlth. 2015) (citing *Harvilla v. Delcamp*, 555 A.2d 763, 764 n.1 (Pa. 1989)) (noting that "where issues are raised in the statement of questions involved, but not addressed in the argument section of the brief, courts find waiver"); *see also* Pa.R.A.P. 2119(a) (providing that "[t]he argument shall be divided into as many parts as there are questions to be argued . . . , followed by such discussion and citation of authorities as are deemed pertinent").

[4] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

[5] Of the four Right-to-Know Law (RTKL) requests mentioned in our factual summary, the first, dated January 9, 2020, requested records relating to the Department's policy concerning

2012)); *see also* C.R., Item No. 3, Department's Position Statement, Exhibit A, Andrew Filkosky Affidavit (Filkosky Affidavit) at 1, ¶ 5. On March 3, 2020, after receiving a check from Requester dated February 25, 2020 in the amount of $3.20, the Department mailed the records sought in the February Request. Final Determination at 2.

On March 4, 2020, Requester appealed the initial denial of the February Request to the OOR, asserting:

> I am appealing because I have never been given a payment deadline and since the [Department] holds my money they [sic] are not taking any risk by my delay in payment, even if my payment was not received when they [sic] received the denied request. Based on my extensive prior experience, I am certain that the agency will wait until the last day permitted to respond, so, I request additional time to respond and grant OOR whatever additional time it requires to prepare its [f]inal [d]etermination.

C.R., Item No. 1, Requester's Appeal to OOR.

Also on March 4, 2020, Requester submitted another RTKL request to the Department, seeking again the same information sought in the February Request. OOR Final Determination at 1; Filkosky Affidavit at 2, ¶ 7. On March 6, 2020, the Department issued a response granting this subsequent RTKL request to the extent Requester sought the document already provided in response to the February Request. C.R., Item No. 3, Department's Position Statement, Exhibit B, Department's Response, 3/6/20 (Department's Response, 3/6/20) at 1; *see also*

---

access to mental health care. The Department charged Requester $3.20 to mail him responsive records—Section 15 (Certified Peer Specialist Initiative) of Policy 13.8.1 (Access to Mental Health Care). *See* Certified Record (C.R.), Item No. 1, Department's Response, 1/21/20. The other three RTKL requests all sought records pertaining to the Department's time to process mail. They were essentially identical. *See* Final Determination at 1; Filkosky Affidavit at 2, ¶ 7.

3

Filkosky Affidavit at 2, ¶ 8. The Department noted that it enclosed another copy of the responsive document at no charge to Requester. Department's Response, 3/6/20 at 1. The Department further advised Requester that to the extent he was seeking a different version of the previously granted record with additional information, the Department was denying that request because no such record existed. *Id.*

On March 9, 2020, the Department submitted a position statement to the OOR accompanied by the affidavit of Andrew Filkosky, the Department's open-records officer (Filkosky). Final Determination at 2. Filkosky attested that subsequent to initially denying the February Request, the Department received a check dated February 25, 2020 in the amount of $3.20 as payment for copies of records provided pursuant to his January 9, 2020 RTKL request, after which, on March 3, 2020, the Department provided the records sought in the February Request. Filkosky Affidavit at 1, ¶¶ 5-6. Filkosky further confirmed that on March 6, 2020, the Department issued a response to Requester's March 4, 2020 RTKL request, granting it to the extent it sought the record originally provided to him in response to the February Request, and denying it to the extent it sought a version of that record other than the version previously provided, because no other version of that record existed. *Id.* at 2, ¶ 8. Filkosky asserted that "this appeal should be considered moot" because Requester paid the charges stemming from his health care policy request, and because his most recent March 4, 2020 RTKL request sought the same information already provided in response to the February Request. *Id.* at 2, ¶ 9; *see also* C.R., Department's Position Statement, Exhibit B, Department's Response, 3/6/20. Filkosky attested that Jillian Deiley, Senior Policy Analyst for the Department, "confirmed that no other version of the record exists other than the version previously provided," and that if such a version existed, "it would be maintained by . . . Deiley." Filkosky Affidavit at 2, ¶¶ 12-13.

4

On March 19, 2020, the OOR issued an order staying Requester's appeal and holding the record open until April 3, 2020 due to the reduction of agency operations as a result of COVID-19. C.R., Item No. 4, OOR Order, 3/19/20 at 1. On March 31, 2020, Requester submitted a letter to the OOR, asserting that his appeal was not moot. C.R., Item No. 6, Requester's 3/31/30 Letter. Requester further contended that the Department did not provide a deadline for payment of the outstanding $3.20 and that he "probably did not owe anything[.]" *Id.*

On April 2, 2020, the OOR issued a final determination dismissing Requester's appeal as moot. Final Determination at 3. The OOR concluded that "[b]ased on the evidence provided, the Department has demonstrated that during the course of the appeal, it provided . . . Requester with all of the records responsive to the Request." *Id.* at 2.

On April 21, 2020, Requester submitted a petition for reconsideration of the OOR's final determination. Requester stated that he submitted to the OOR a letter dated March 31, 2020, and that the OOR issued its final determination on April 2, 2020, despite issuing an order stating that it would hold the record open until April 3, 2020. C.R., Item No. 6, Petition for Reconsideration. Requester therefore posited that his "March 31, 2020 submission was not considered," thus "den[ying] [him his] . . . right to notice and to be heard[.]" *Id.* (citing *Wishnefsky v. Pa. Dep't of Corr.*, 144 A.3d 290 (Pa. Cmwlth. 2016)). On April 28, 2020, the OOR denied Requester's petition for reconsideration, explaining as follows:

> In the petition you argue that you were not permitted to challenge the agency's response and were not given a deadline by which to pay any outstanding fees.
>
> A review of the file indicates that no issues were raised in the appeal which the OOR could adjudicate. The agency

5

denied your request for failure to pay fees; however, you did not challenge the amount of the fee or that the fee was paid. Instead, you appear to acknowledge the validity and existence of the fee because you merely argued that you were not given a deadline by which to pay the fee. There is no case law sustaining this argument as a valid challenge; the salient issues in fee disputes are whether the fee was validly assessed and whether a balance remains outstanding at the time of the request. The appeal raises neither of these issues. Based on the foregoing we deny your petition for reconsideration.

C.R., Item No. 9, OOR Denial of Petition for Reconsideration.

Requester thereafter filed a petition for review with this Court.

On appeal,[6] Requester asks that this Court vacate the OOR's final determination and remand the matter to the OOR. Requester's Brief at 8. Requester argues that he "was denied procedural due process," because "the [OOR] ordered that the record would be held open until April 3, 2029[7] . . . , but filed the [final determination] on April 2, 2020[.]" *Id.* at 7.

Requester also challenges the Department's refusal to provide documents pursuant to the February Request until he paid the outstanding charge of $3.20 he owed for documents provided in response to the health care policy request. He contends that RTKL Section 902(a)(6) is phrased in terms of refusal to pay, not

---

[6] "This Court's standard of review of a final determination of the OOR is *de novo* and our scope of review is plenary." *Hunsicker v. Pa. State Police*, 93 A.3d 911, 913 n.7 (Pa. Cmwlth. 2014).

[7] Requester's identification of the date of April 3, 2029 is apparently an error, as he correctly noted in his petition for reconsideration that the OOR authorized the record to remain open until April 3, 2020. C.R., Item No. 6, Petition for Reconsideration.

mere failure to pay. *Id.* at 8 (citing 65 P.S. § 67.902(a)(6)).[8] Requester posits that this Court acknowledged in *Drack* the "question of whether failure to pay constitutes a refusal to pay under the RTKL." Requester's Brief at 7 (quoting *Drack*, 42 A.3d at 363 n.10). Requester insists that he never refused to pay the $3.20, asserting that his "brief delay in paymen[]t hardly amount[ed] to a refusal." Requester's Brief at 8.

According to Requester, the Department's denial of his February Request for nonpayment of the $3.20 from the health care policy request also ignores the Department's offer of the option to inspect the requested records at its office and pay the cost of duplicating any records he should wish to retain. *Id.* at 7-8. Requester maintains that if he had opted to inspect the records in person, "it is possible that no payment would [have been] required after the inspection was completed."[9]

The Department counters that this Court should affirm the final determination of the OOR because Requester's appeal is moot. Department's Brief at 9. The Department observes that a requester must pay all applicable fees prior to receiving access to a requested record under Section 901 of the RTKL. *Id.* (citing 65 P.S. § 67.901;[10] *Drack*, 42 A.3d at 362-63). Citing Filkosky's attestation that the Department provided the requested records after Requester paid the outstanding fees, the Department asserts that "[n]o case or controversy existed once the records

---

[8] Section 902(a)(6) of the RTKL provides that "[u]pon receipt of a written request for access, the open-records officer for an agency shall determine if . . . the requester refuses to pay applicable fees authorized by this act . . . ." 65 P.S. § 67.902(a)(6).

[9] Requester does not explain how he could have accomplished such a review, given his incarceration.

[10] Section 901 of the RTKL provides, in relevant part, that "[a]ll applicable fees shall be paid in order to receive access to the record requested." 65 P.S. § 67.901.

were provided, and the OOR's finding of mootness was legally and factually correct." *Id.* at 9 (citing Filkosky Affidavit at 1, ¶ 6).

Requester contends in reply that the Department's appellate brief "mischaracterized the [Filkosky] affidavit by inferring that [his] payment resulted in the production of the record at issue in this appeal . . . when, in fact, the affidavit clearly states [that] the record provided was the record requested in [the health care policy request], and when the denial of . . . the [R]equest at issue[] was not even addressed in the [f]inal [d]etermination." Requester's Reply at 1 (citing Department's Brief at 6, 9; Filkosky Affidavit at 1, ¶ 6). Requester further asserts that his appeal is not moot, as it is of great public importance and is capable of repetition yet evading review. *Id.* (citing *Bd. of Comm'rs of Cnty. of Schuylkill ex rel. Gallagher v. Kantner*, 26 A.3d 1245, 1250-51 (Pa. Cmwlth. 2011)).

"Our Supreme Court has explained that a case is moot if there is no actual case or controversy in existence at all stages of the controversy." *Phila. Pub. Sch. Notebook v. Sch. Dist. of Phila.*, 49 A.3d 445, 448 (Pa. Cmwlth. 2012) (citing *Pap's A.M. v. City of Erie*, 812 A.2d 591, 599 (Pa. 2002)). The existence of an actual case or controversy requires

> (1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for a reasoned adjudication, and (3) a legal controversy with sufficiently adverse parties so as to sharpen the issues for judicial resolution.

*Id.* "Courts will not enter judgments or decrees to which no effect can be given." *Id.* Thus, "[m]ootness problems arise in cases involving litigants who clearly had one or more justiciable matters at the outset of the litigation, but events or changes

8

in the facts or the law occur which allegedly deprive the litigant of the necessary stake in the outcome after the suit is underway." *Id.* (citing *Chruby v. Dep't of Corr.*, 4 A.3d 764, 771 (Pa. Cmwlth. 2010)). Nevertheless, courts recognize exceptions to the doctrine of mootness when (1) the conduct complained of is capable of repetition yet evading review, (2) involves questions important to the public interest, or (3) will cause one party to suffer some detriment without the court's decision. *Cytemp Specialty Steel Div., Cyclops Corp. v. Pa. Pub. Util. Comm'n*, 563 A.2d 593, 596 (Pa. Cmwlth. 1989).

Here, the Department provided the affidavit of Filkosky, its open-records officer, to establish that it provided the records requested pursuant to the February Request after Requester paid the outstanding fees incurred for the provision of records pursuant to his health care policy request. *See* Filkosky Affidavit at 1, ¶¶ 5-6. As noted above, Filkosky attested that he consulted with Deiley, Senior Policy Analyst for the Department, to confirm that "[t]o the extent that [Requester] is seeking a record other than the . . . record . . . [provided by the Department,] nothing else exists." Filkosky Affidavit at 2, ¶¶ 11-13. This Court has held that a notarized affidavit constitutes sufficient evidence to establish grounds for denial of a RTKL request. *See Moore v. Office of Open Records*, 992 A.2d 907, 909 (Pa. Cmwlth. 2010) (affirming the OOR's denial of requester's appeal, where the Department submitted both sworn and unsworn affidavits attesting that it was not in possession of the requested record and that such a record did not exist; the affidavits were "enough to satisfy the Department's burden of demonstrating the non-existence of the record in question," as "the Department [could not] be made to create a record which [did] not exist").

Further, Requester has failed to establish any recognized exception to the doctrine of mootness. He has not explained how the Department's conduct is

9

capable of repetition yet evading review. He has cited neither factual nor legal support for his suggestion that the Department acted improperly by refusing to provide additional records until he paid for those provided previously. Indeed, as discussed above, the Department's action was authorized by law. *See* RTKL Section 901, 65 P.S. § 67.901. Thus, Requester has also failed to point to any public interest that would be served by considering his appeal. Finally, he has not pointed to any detriment he will suffer if his appeal is deemed moot. The Department promptly provided the documents sought in the February Request after it received payment of the outstanding amount Requester owed for documents provided previously. He does not assert any prejudice arising from the slight delay he incurred; nor could he reasonably advance such an assertion, because that delay was the result of his own conduct in failing to pay for the documents he previously received.

We, therefore, agree with the OOR that Requester's appeal is moot. *See Office of the Dist. Att'y of Phila. v. Bagwell*, 155 A.3d 1119, 1126 n.8 (Pa. Cmwlth. 2017) (noting that the OOR dismissed as moot a request for documents where the District Attorney of Philadelphia had produced the responsive documents); *Germantown Cab Co. v. Phila. Parking Auth.* (Pa. Cmwlth., No. 160 C.D. 2012, filed June 27, 2013), slip op. at 8, 2013 WL 3270867, at *4 (unreported) (affirming the OOR's dismissal of requester's appeal as moot, where the agency provided the notarized, sworn affidavit of its open-records officer to establish that it had already provided requester with all responsive records);[11] *cf. Phila. Pub. Sch. Notebook*, 49 A.3d at 448 (holding that requester's OOR appeal fell within an exception to the doctrine of mootness even though the school district produced the requested records,

---

[11] While this Court's unreported memorandum opinions may not be cited as binding precedent, they may be cited for persuasive value. Commonwealth Court Internal Operating Procedure § 414(a), 210 Pa. Code § 69.414(a).

because the controversy was capable of repetition yet likely to evade judicial review where requester sought to obtain the text of resolutions prior to the voting meeting but the school district granted access after their passage).[12]

Accordingly, we affirm the OOR's dismissal of Requester's appeal as moot.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[12] We do not address Requester's remaining assertions, including his contention that the OOR violated his due process rights by issuing its final determination on April 2, 2020, rather than April 3, 2020, as we have concluded that his appeal is moot.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bruce L. Wishnefsky,           :
            Petitioner      :
                                :
             v.                 :
                                :
Pennsylvania Department    :
of Corrections,               :    No. 476 C.D. 2020
            Respondent    :

## O R D E R

AND NOW, this 3rd day of February, 2021, the April 2, 2020 and April 28, 2020 orders of the Pennsylvania Office of Open Records are AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge